IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

PHILIP W. WYERS; and
WYERS PRODUCTS GROUP, INC.

      Plaintiffs,

v.

GREENBERG TRAURIG, LLP;
MARK L. HOGGE;
LAURA M. KLAUS; and
ROBERT P. CHARROW,

      Defendants.

## NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT, PLAINTIFFS AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Greenberg Traurig, LLP ("GTLLP"), Mark L. Hogge, Laura M. Klaus and Robert P. Charrow, by and through their counsel, Treece Alfrey Musat P.C., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby give notice of removal of this action from the Denver District Court to this Court on the basis of both diversity and federal question jurisdiction.

      As grounds for removal, Defendants state:

      1.     On December 30, 2011, Plaintiffs Philip P. Wyers and Wyers Products Group, Inc., commenced this action by filing their complaint against Defendants in the District Court for the City and County of Denver, State of Colorado, captioned *Wyers, et al., v. Greenberg Traurig, LLP, et al.,* Case No. 2011-CV-8834.

2. Defendants Laura Klaus and Robert Charrow were served with state court process on March 8, 2012, in Washington, D.C. Defendant GTLLP was served on March 9, 2012, in New York, New York. Defendant Mark Hogge was served on March 12, 2012, in Washington, D.C. (*See* Exs. I-L: Returns of Service.)

3. Defendants have not yet answered or otherwise responded to the state court complaint.

4. A copy of the current state court docket is attached as Exhibit M. All pleadings or other papers filed with or by the state court, to date, include:

Exhibit A: Complaint and Jury Demand, Dec. 30, 2011

Exhibit B: Civil Cover Sheet, Dec. 30, 2011

Exhibit C: Delay Reduction Order, Jan. 4, 2012

Exhibit D: Plaintiffs' Motion for Extension of Time to File Returns of Service, Mar. 6, 2012

Exhibit E: Certificate of Review Regarding Plaintiffs' Claims Against Defendant Klaus, Mar. 6, 2012

Exhibit F: Certificate of Review Regarding Plaintiffs' Claims Against Defendant Charrow, Mar. 6, 2012

Exhibit G: Certificate of Review Regarding Plaintiffs' Claims Against Defendant Hogge, Mar. 6, 2012

Exhibit H: Order granting Plaintiffs' Motion for Order Extending Time to File Returns of Service, Mar. 12, 2012

Exhibit I: Return of Service: Defendant Klaus (served Mar. 8, 2012; ROS filed Mar. 14, 2012)

Exhibit J: Return of Service: Defendant Charrow (served Mar. 8, 2012; ROS filed Mar. 14, 2012)

    Exhibit K:    Return of Service: Defendant GTLLP (served Mar. 9, 2012; ROS filed Mar. 14, 2012)

    Exhibit L:    Return of Service: Defendant Hogge (served Mar. 12, 2012; ROS filed Mar. 14, 2012)

## TIMELINESS AND VENUE

5.    This Notice of Removal is filed within thirty days of service upon each of the defendants. *See* 28 U.S.C. § 1446(b) (West 2011 ed.).[1] All defendants are parties to this notice of removal.

6.    The Denver District Court is within the District of Colorado. 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

7.    Plaintiff Philip W. Wyers is a resident of Colorado. (Ex. A: Compl. ¶ 2.)

8.    Plaintiff Wyers Products Group, Inc., is a Colorado corporation. (*Id.* ¶ 1.)

9.    Defendant GTLLP is a New York limited liability partnership. (*Id.* ¶ 3.) For diversity purposes, a partnership is a citizen of all states of which its partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). GTLLP is composed of only two partners: non-party Greenberg Traurig P.A. and non-party Greenberg Traurig

---

[1] Because the state court complaint was filed on December 30, 2011, recent amendments to 28 U.S.C. §§ 1441 and 1446, effective January 6, 2012, do not apply. *See, e.g.*, 28 U.S.C. § 1446, Historical and Statutory Notes, Effective and Applicability Provisions, 2011 Acts (West 2012 ed.) (2011 amendments "apply to any action or prosecution commenced on or after [30 days after December 7, 2011].") Nevertheless, Defendants believe removal would be proper under the amended statutes as well. All references herein to §§ 1441 and 1446 are to the pre-amendment versions of those statutes.

of New York, P.C. (Ex. N: Affidavit of David E. Hirsch ¶ 3.) The two partners of GTLLP are citizens of, respectively, Florida and New York:

> a. Greenberg Traurig P.A. ("GTPA") is a professional corporation formed under Florida law.[2] The principal place of business of GTPA is Miami, Florida, where GTPA is headquartered, and where its high level officers direct, control, and coordinate the GTPA's activities (*Id.* ¶ 4.)
>
> b. Greenberg Traurig of New York, P.C. ("GTNY"), is a New York professional corporation. Its principal place of business is New York, New York, where GTNY is headquartered, and where its high level officers direct, control, and coordinate the GTNY's activities. (*Id.* ¶ 5.)
>
> c. As such, Defendant GTLP is a citizen of both Florida and New York.

10. Defendant Mark L. Hogge practices law in the District of Columbia and is a resident of Virginia. (Ex. O: Hogge Affidavit.)

11. Defendant Robert P. Charrow practices law in the District of Columbia and is a resident of Maryland. (Ex. P: Charrow Affidavit.)

12. Defendant Laura M. Klaus practices law in the District of Columbia and is a resident of Maryland. (Ex. Q: Klaus Affidavit.)

13. The amount in controversy exceeds $75,000 as evidenced by, among other things, the state court Civil Cover Sheet (Ex. B), in which Plaintiffs indicate that

---

[2] The words "professional association" or the letters "P.A." must be included in the name of any Florida corporation that provides professional services. *See* Fla. Stat. ch. 621.12(2)(b); *In re Adams*, 389 B.R. 762, 764 (Bankr. M.D. Fla. 2007).

they seek a monetary judgment against Defendants of more than $100,000. In fact, the state court complaint references damages of more than $12 million. (Ex. A: Compl. ¶¶ 72, 73 & 74.)

14. Diversity jurisdiction is based on 28 U.S.C. § 1332(a)(2), which provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens of a foreign state." Both plaintiffs are Colorado citizens. Defendant GTLLP is a citizen of both Florida and New York. Defendants Charrow and Klaus are citizens of Maryland. Defendant Hogge is a citizen of Virginia.

15. Complete diversity exists, as here, where no defendant is a citizen of a state in which any plaintiff is a citizen. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74 (1978). Diversity jurisdiction exists here.

## FEDERAL QUESTION JURISDICTION

16. In this legal malpractice action, Plaintiffs generally allege that the defendant lawyers negligently defended an appeal in a patent infringement case. Plaintiffs here were plaintiffs in the underlying infringement action. Plaintiffs won at trial, but lost on appeal to the Federal Circuit on the issue of obviousness under 35 U.S.C. § 103(a).

17. In particular, Plaintiffs allege that their appellate lawyers negligently failed to designate a sufficient record to permit the Federal Circuit to affirm the trial court's finding of non-obviousness. (*See, e.g.,* Ex. A: Compl. at 7-9 ¶¶ 54-65.) The Federal

Circuit found that the patented features *were* obvious, and therefore reversed the trial court, invalidated the patents, and vacated the jury's verdict. *See Wyers v. Master Lock Co.*, 616 F.3d 1231 (Fed. Cir. 2010), *cert denied* 131 S.Ct. 1531 (2011) (Exhibit R).[3]

18.     In order to prove causation and damages in this malpractice suit, Plaintiffs must demonstrate that, but for Defendants' conduct, the defense of the underlying appeal to the Federal Circuit would have been successful. *See, e.g., Fleming v. Lentz*, 873 P.2d 38, 40 (Colo. App. 1994) (Colorado law); *Biomet Inc. v. Finnegan Henderson LLP*, 967 A.2d 662, 664-65 (D.C. 2009) (D.C. law). In other words, Plaintiffs must establish that, with the benefit of a more complete record, the patents would have been held not obvious within the meaning of 35 U.S.C. § 103(a). Indeed, whatever Plaintiffs' negligence theory might be, in order to prevail they must establish that Federal Circuit's opinion would have been different had the defendant-lawyers done something differently.

19.     Subject matter jurisdiction over patent disputes is exclusively vested in the federal courts. "The district court shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . .  Such jurisdiction shall be exclusive of the courts of the states in patent . . . cases." 28 U.S.C. § 1338(a).

20.     Exclusive jurisdiction over patent disputes exists where "a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of

---

[3] The infringement case was tried in 2009 in Colorado: *Wyers et al v. Master Lock Co.*, No. 1:06-cv-00619-LTB-MJW. Defendants were not trial counsel, but were retained only as appellate counsel.

federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 809 (1988).

21.     In a state-law legal malpractice action, if the court is required to decide a substantial question of federal patent law, a federal court's exclusive subject matter jurisdiction is implicated. *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.,* 504 F.3d 1262,1268-71 (Fed. Cir. 2007) (substantial question of federal patent law presented where plaintiff in legal malpractice action against patent lawyers was required to prove it would have prevailed in prior patent litigation); *Immunoconcept LLC v. Fulbright & Jaworski, LLP,* 504 F.3d 1281, 1284-87 (Fed. Cir. 2007) (same, in action alleging negligent drafting of patent, where scope of patent claim was a necessary element of legal malpractice claim); *Chopra v. Townsend, Townsend and Crew LLP,* 2008 U.S. Dist. LEXIS 13471, at *2-5 (D. Colo. 2008) (Krieger, J., following *Air Measurement Technologies* and *Immunoconcept*, where success of patent application was necessary element of legal malpractice claim).

22.     Because resolution of Plaintiffs' Complaint requires resolution of one or more substantial questions of patent law, including obviousness under 35 U.S.C. § 103(a), federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 is implicated.

## CONCLUSION

23.     This Court possesses both diversity and federal question jurisdiction.

March 26, 2012

        TREECE ALFREY MUSAT P.C.

        *s/ original signature on file*

        _____
        Michael L. Hutchinson
        Daniel Sean Smith
        Treece Alfrey Musat P.C.
        999 18th Street, Suite 1600
        Denver, CO 80202
        Telephone: 303-292-2700
        Facsimile:  303-295-0414
        hutch@tamlegal.com
        ssmith@tamlegal.com
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following via email:

R. Parker Semler, Esq. (parker@semlerlaw.com)
Matthew Nelson, Esq. (matt@semlerlaw.com)
Semler & Associates, P.C.
1775 Sherman Street, Suite 2015
Denver, Colorado 80203

In addition, I certify that a copy of the foregoing was filed and served via Lexis/Nexis File & Serve upon:

Clerk of the District Court
City and County of Denver
1437 Bannock St., Room 256
Denver, CO 80202
**Case No. 2011CV8834 – Courtroom 414**

R. Parker Semler, Esq.
Matthew Nelson, Esq.
Semler & Associates, P.C.
1775 Sherman Street, Suite 2015
Denver, Colorado 80203

        *s/ original signature on file*
        _____