IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00750-WYD-CBS

PHILIP W. WYERS, and,
WYERS PRODUCTS GROUP, INC.,

    Plaintiffs,

v.

GREENBERG TRAURIG, LLP;
MARK L. HOGGE;
LAURA M. KLAUS; and,
ROBERT P. CHARROW,

    Defendants.

## ORDER

THIS MATTER comes before the Court on Defendants' Objection To Magistrate Judge's Order Re:  Defendants' Motion To Strike, Restrict Public Access, And For Extension To Answer [ECF No. 25], filed on May 23, 2012.

## BACKGROUND

On December 30, 2011, plaintiffs, Phillip P. Wyers and Wyers Products Group, Inc., filed a legal malpractice action against defendants, Greenberg Traurig, LLP, Mark L. Hogge, Laura M. Klaus, and Robert P. Charrow ("the defendants") in the District Court for the City and County of Denver, State of Colorado[1], in connection with the defendants' legal representation of plaintiffs during the appeal of a patent infringement case before the United States Court of Appeals for the Federal Circuit.  On March 26,

---

[1] *Wyers, et al., v. Greenberg Traurig, LLP, et al.*, Case No. 2011-CV-8834.

2012, the defendants removed the action to the United States District Court for the District of Colorado [ECF No. 1].  On April 14, 2012, the defendants filed a motion to strike, to restrict access, and for an extension of time to answer the plaintiffs' complaint [ECF No. 14].  In their motion, the defendants requested that the Court:  (1) strike paragraphs 35, 38, 40-46, 49-53, and 69-74 of the plaintiffs' complaint because they allegedly reveal confidential mediation communications; (2) restrict public access to the plaintiffs' complaint; and, (3) grant them an extension of time to answer the plaintiffs' complaint.  On May 18, 2012, Magistrate Judge Shaffer issued an Amended Minute Order [ECF No. 24] in which he:  (1) denied the defendants' motion to strike paragraphs 35, 38, 40-46, 49-53, and 69-74 of the plaintiffs' complaint; (2) denied the defendants' request for an extension of time to respond to plaintiffs' complaint; and (3) granted the defendants' request to restrict public access to the complaint, and ordered that the complaint be restricted at Level 1[2] until I rule on the defendants' anticipated objection to his May 18, 2012, Order.  On May 23, 2012, the defendants filed an objection to Magistrate Judge Shaffer's May 18, 2012, Amended Minute Order, moving this Court to enter an Order overruling Magistrate Judge Shaffer's decision on their motion to strike, restrict access, and for an extension of time to file an answer [ECF No. 25].

## ANALYSIS

**A.  Legal Standard for an Objection to a Magistrate Judge's Order**

District courts review Magistrate Judges' Orders regarding non-dispositive motions under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Rule 72(a) of the FEDERAL RULES of CIVIL PROCEDURE.  Under this

---

[2] Pursuant to D.C.COLO.LCivR 7.2(B)(5), Level 1 restriction permits access only to the Court and the parties.

standard of review, a Magistrate Judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  A district court must affirm a Magistrate Judge's decision unless "'on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U. S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

### B. The Defendants' Motion to Strike

The defendants moved to strike paragraphs 35, 38, 40-46, 49-53, and 69-74 of the plaintiffs' complaint pursuant to Guideline 5 of the United States Court of Appeals for the Federal Circuit's Appellate Mediation Program Guidelines.  Guideline 5 states in pertinent part:

> The substance of mediation is confidential and may not be disclosed by the mediator or any participants, except in the course of litigation concerning the enforceability of any agreements reached through mediation.  The fact that a case is in mediation is not confidential.

The defendants argued that the above referenced paragraphs should be struck from the complaint because they allegedly reveal confidential communications between the parties that took place while participating in the United States Court of Appeals for the Federal Circuit's Appellate Mediation Program.  The challenged paragraphs of the complaint state the following:

> 35.  On August 12, 2009, Defendant Hogge informed Mr. Wyers that he had a 87.5% chance of winning the appeal against Master Lock. He later told Mr. Wyers that he had a 95% chance of winning in the appeal.

38. The Defendants failed to spend any time preparing Mr. Wyers for the settlement conference and never interviewed Mr. Wyers in order educate themselves regarding his risk tolerance and various financial factors that would have justified a settlement instead of risking a reversal of the judgment on appeal.

40. At the settlement conference, counsel for Master Lock offered Wyers roughly $3,500,000 to end the appeal.

41. The mediator told Mr. Wyers that Master Lock would pay $4,500,000 to settle the appeal.

42. Counsel for Master Lock repeated its offer on October 29, 2009.

43. At the settlement conference, Defendant Hogge instructed Mr. Wyers that settlement in these financial ranges would be foolhardy and then proceeded to spend most of his time at the conference talking on the phone to another client.

44. Despite the apparent likelihood of being able to secure a settlement in the $3,500,000 to $5,000,000 range, Defendant Charrow condescendingly told Mr. Wyers that Master Lock did not respect his judgment, that the appeal would be won and that all further negotiation should be terminated.

45. Despite purporting to have extensive knowledge and experience with patent appeals before the CAFC, Defendants failed to apprise Wyers of the potential risks associated with an appeal.

46. The Defendants told Mr. Wyers that the appellate court would be unlikely to overturn the jury's decision, which they said was entitled to deference on appeal.

49. As lawyers who possess the degree of knowledge, skill and judgment ordinarily attributed to members of the legal profession with their level of expertise and training, when representing a client in settlement negotiations in the face of an appeal of an $8.7 million judgment, Defendants should have known or educated themselves prior to the settlement conference to determine the following:

    a. They should have thoroughly reviewed the trial record to determine any potential pitfalls for the appeal and so advised Mr. Wyers;

    b. They should have determined that the question of invalidity was subject to *de novo* review and that the case was not a "simple substantial evidence" appeal and so advised Mr. Wyers as to the risk of *de novo* review;

    c. They should have interviewed Mr. Wyers to determine his risk tolerance, financial goals and the extra-appellate benefits associated with a settlement;

    d. They should have advised Mr. Wyers that any patent judgment entered after the U.S. Supreme Court's decision in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007), was subject to a trend of heightened judicial reversal that made risk assessment difficult instead of advising Mr. Wyers that he had a 90-95% chance of appellate affirmation; and,

    e. They should have provided a written analysis of the risks and benefits of not accepting a significant financial offer of settlement in a manner that accurately stated the relevant law and specific factual details of the trial court record relevant to the law relative to Mr. Wyers' risk tolerance, financial goals and extra-appellate benefits.

50. The Defendants failed to fulfill these duties and thereby breached the applicable standards of care.

51. If Defendants had apprised Wyers of the substantial risk of proceeding with the appeal to CAFC, and had Wyers known that the issue of obviousness which was hotly litigated at trial was subject to *de novo* review on appeal, Wyers would have either accepted Master Lock's $3,500,000 settlement offer or continued to negotiate per the mediator's advise [sic] until he received a higher acceptable sum.

52. Master Lock is a large publicly held corporation that was willing and able to pay a cash settlement of $3,500,000 or more. If Wyers had accepted its offer, his prompt receipt of the full amount of the settlement would have been certain.

There was no collection risk in this case in the event that a settlement was reached.

53.  Because of Defendants' negligence in adequately advising Wyers of the risks of litigation the appeal of his verdict on the merits, Wyers refused Master Lock's offer of a certain $3,500,000, abandoned the prospect of negotiating for a larger sum, and stepped away from settlement negotiations to litigate the appeal on the merits.

69.  The Defendants had an incentive to prevent the case from settling because at the time of the settlement, they had only billed 10% of their initially estimated fees in the case. The Defendants also had an incentive to take a hard line in settlement negotiations to enhance the settlement position of future clients without regard to the best interests of Wyers and to enhance their personal reputations as lawyers for taking a hard line in settlement negotiations.

70.  On information and belief, it is more likely than not that the atypical conduct of the Defendants in their very forceful advocacy in favor of rejecting a settlement offer for a very large sum of money was motivated, or at least influenced, by these potential conflicts.

71.  The Defendants, in fact, manipulated their statements regarding the strength of Wyers' case and pushed Wyers' [sic] to take an unrelenting position in settlement negotiations with Master Lock because Defendants had yet to perform any serious work on the case, which meant that a settlement for Mr. Wyers would not have produced any significant income to the Defendants.  The Defendants did not obtain the informed consent from Mr. Wyers to engage in this conduct that constituted a conflict of interest and a breach of their fiduciary duty to Mr. Wyers.

72.  Wyers suffered other damages in addition to either the loss of a proposed settlement or the affirmation of the trial court's $8.7 million judgment.  These additional damages include the loss of the validity of the patents, which would not have occurred in the event of a settlement or a favorable appellate ruling.

73.  A determination of validity through settlement of judgment would have greatly enhanced the likelihood that

> Wyers would prevail against two or three other infringers in amounts collectively comparable to that of Master Lock.
>
> 74. Further, a defeat on the merits on appeal denied Wyers future royalties on sales by Master Lock. The additional damages, which were proximately caused by the Defendants' professional negligence, have an economic value in the range of $3 million to $4 million in addition to the lost lump sum settlement, lost jury verdict and attorneys' fees paid to Greenberg Traurig.

Magistrate Judge Shaffer denied the defendants' motion to strike in its entirety. With respect to the defendants' argument regarding Guideline 5, Magistrate Judge Shaffer stated that Guideline 5 is "designed to govern procedures in [the United States Court of Appeals for the Federal Circuit]." ECF No. 34, p. 38, l. 1. Magistrate Judge Shaffer further stated, "[s]o at the end of the day, this is not governed by the Federal Circuit's rules. It's governed by our Local Rules." *Id.* ll. 4-5.

I agree with Magistrate Judge Shaffer. This Court is bound by the local rules for the United States District Court for the District of Colorado. Neither Magistrate Judge Shaffer, nor I, can depart from rules that govern this Court merely because a party cites a local guideline that governed a process which occurred outside this Court's jurisdiction. I find that Magistrate Judge Shaffer's denial of the defendants' motion to strike was not clearly erroneous or contrary to law. With that said, and after careful consideration of the complaint, I order the plaintiffs to file an Amended Complaint which sets forth the allegations against the defendants, but is void of any settlement offer's numerical value and void of any allegations of specific statements made during the mediation process. The plaintiffs shall file the Amended Complaint on or before Friday, December 21, 2012. The Amended Complaint shall be the operative pleading in this matter.

**C.  The Defendants' Motion to Restrict Access**

The defendants moved to restrict access to the complaint, arguing that Guideline 5 and protecting the integrity of the mediation process warrant Level 1 restriction.  In response to the defendants' arguments, Magistrate Judge Shaffer stated:

> At the end of the day, I am fundamentally concerned with the process of this case.  And the United States Supreme Court, not the Federal Circuit, not some guideline, the United States Supreme Court has said on countless occasions that federal trials are public processes, that there is an absolute belief in the public being accessible to what we do in this building.  And the Supreme Court has said that that process is so important and so paramount it can be restricted only under the most extraordinary circumstances.
>
> \*   \*   \*   \*
>
> And I cannot allow what is fundamentally a private process, i.e. conciliation [mediation between the parties], to be the tail that wags the dog of public process which is trial.  I can't do that.

ECF No. 34, p. 69, ll. 5-13, 21-24.  Magistrate Judge Shaffer then ordered that the original complaint be restricted at Level 1 until I ruled on the defendants' anticipated objection to such Order.

I agree with Magistrate Judge Shaffer's ruling.  Pursuant to D.C.COLO.LCivR 7.2(B), a party seeking to restrict access to a document must, *inter alia*, show that the interest to be protected outweighs the presumption of public access.  Here, the defendants have failed to do so.  Further, my Order directing the plaintiffs to file an Amended Complaint void of any settlement offer's numerical value and void of specific statements made in connection with mediation, prevents public access to the information the defendants seek to protect.  Hence, there is no need to restrict the Amended Complaint.  Magistrate Judge Shaffer's Order that the complaint be restricted

at Level 1 until I rule on the defendants' objection to such Order was not clearly erroneous or contrary to law. The original complaint shall remain in the record and remain sealed at Level 1. The Amended Complaint shall be unrestricted.

## D. The Defendants' Motion for Extension of Time to Answer Plaintiff's Complaint

The defendants moved for an extension of time to answer the complaint, citing concerns for potential violations of the Guideline 5. Magistrate Judge Shaffer denied this motion. I find that Magistrate Judge Shaffer's denial was not clearly erroneous or contrary to law. More importantly, Magistrate Judge Shaffer's May 18, 2012, Amended Minute Order [ECF No. 24] specifically states that, "[t]he defendants shall be required to file an answer to the original complaint **no later than June 7, 2012** [sic]." As of Wednesday, December 12, 2012, the defendants have not filed an answer to the original complaint. I take note of the defendants' failure to adhere to Magistrate Judge Shaffer's Order. What I find more troubling is the possibility that such failure was calculated and not unintentional. While I express no opinion as to whether or not the defendants' answer would have violated Guideline 5, the defendants failed to adhere to a clearly defined Order by Magistrate Judge Shaffer. Any future disregard of this Court's Orders will result in immediate sanctions.

Accordingly, I order the defendants to respond to the plaintiffs' Amended Complaint on or before Wednesday, January 2, 2013.

**CONCLUSION**

After careful consideration of the matters before this Court, it is

ORDERED that Defendants' Objection To Magistrate Judge's Order Re: Defendants' Motion To Strike, Restrict Public Access, And For Extension To Answer [ECF No. 25], filed on May 23, 2012, is **OVERRULED**. It is

FURTHER ORDERED that the plaintiffs shall file an Amended Complaint which sets forth the allegations against the defendants, but is void of any settlement offer's numerical value and void of any allegations of specific statements made during the mediation process. The Amended Complaint shall be filed **on or before Friday**, **December 21**, **2012**, and shall be the operative pleading in this matter. The Amended Complaint shall be unrestricted. It is

FURTHER ORDERED that the original complaint [ECF No. 5] shall remain on the record and shall remain restricted at Level 1. It is

FURTHER ORDERED that the defendants shall respond to the Amended Complaint **on or before Wednesday**, **January 2**, **2013**. It is

FURTHER ORDERED that Plaintiffs' Unopposed Motion To Stay Consideration Of Portion Of Defendants' Rule 12(b)(6) Motion To Dismiss And Renewed Motion To Strike [ECF No. 30], filed on June 22, 2012, is **DENIED AS MOOT**.

Dated: December 12, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge