**Matt Nelson**

**From:** philipwyers@aol.com
**Sent:** Monday, April 29, 2013 11:53 PM
**To:** Matt Nelson
**Cc:** Melinda Harper
**Subject:** Re: Wyers v. Greenberg Traurig

Matt.

1. You are forgetting to add the $7,000,000 in sales Master Lock failed to report at trial, but did shortly after. See footnote in GT appeal brief. This amount x 24% would be added to the $5,350,000 which would also increase the prejudgement interest of $1,137,920.

2. Store count: 32,798 is way to many stores. I will review my list but I'm thinking closer to 10,000 stores give or take. I will also determine how many different products we are talking about that infringe the '115.

TRIMAX / Wyers Products Group, Inc.

Philip Wyers
President


On Apr 29, 2013, at 7:57 PM, "Matt Nelson" <matt@semlerlaw.com> wrote:

> We have two theories of damages in the case against Greenberg Traurig and the three individual defendants:
>
> 1. But for the defendants' negligence, the case against Master Lock would have settled at mediation on October 7, 2009 or shortly thereafter.
>
> 2. But for the defendants' negligence, the judgment that Wyers was awarded by the trial court against Master Lock would have been upheld by the appellate court.
>
> We are reviewing the information necessary to calculate damages under scenario No. 1 and should have that information to you tomorrow.
>
> For calculating the damages based on scenario No. 2, please assume the following:
>
> On 05/28/09, the trial court entered judgment in Wyers' favor for $5,350,000 in past damages and $1,137,920 in prejudgment interest for a total money judgment of $6,487,920.
>
> Please calculate post-judgment interest on this amount from 05/28/09 through 07/22/10. Under 28 U.S.C. 1961, the judgment amount would accrue post-judgment interest calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. This rate is 0.47%. Also, post-judgment interest in federal court is computed daily and compounded annually.



102
DEPOSITION EXHIBIT

WGT018632

EXHIBIT 4

After 07/22/10, please calculate interest on the accumulated amount at the rate of 8%, compounded annually, through an estimated trial date of 03/31/14. As I mentioned, we do not yet have a trial date and probably will not have one until mid-November.

In addition to the money judgment entered on 05/28/09, the trial court also granted Wyers a 24% royalty for any infringing products. Please assume the following for calculating the amount of this royalty from 01/01/08 through 03/31/14, the estimated trial date:

The infringing product sells in 32,798 stores.

Each store sells 1 unit per week for each of the 52 weeks of the year.

The unit price is $7.25.

The royalty rate is, again, 24%.

Assume that an equal amount in royalties would have been paid quarterly from the first quarter of 2008. Interest on those lost royalties should be calculated at the rate of 8% compounded annually.

The royalty will extend into the future. We will provide you more guidance in this regard shortly.

Because the case was reversed on appeal and judgment was entered in favor of Master Lock, Wyers was also required to pay Master Lock's litigation costs. Wyers is also entitled to recover those amounts as damages.

For purposes of calculating these damages, please assume the following:

The judgment for costs in the amount of $88,214.94 entered against Wyers on 01/27/11.

Wyers paid this judgment in three equal installments on 10/01/11, 11/01/11 and 12/01/11.

Very truly yours,

Matthew Nelson
Semler & Associates, P.C.
1775 Sherman Street, Suite 2015
Denver, CO 80203
(303) 839-1680, x208
(303) 839-1642 - Fax
matt@semlerlaw.com
website: http://coloradorealestatelawyer.org/

The information and any attachments contained in this email message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination or copying is strictly prohibited. If you think that you may have received this email message in error, please notify the sender at the email address above. If you have received this email in error, you are instructed to delete all copies and discard any printouts without reading the information contained within.