# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case no. 12-cv-00750-WYD-CBS

PHILIP W. WYERS and
WYERS PRODUCTS GROUP, INC.,

                    Plaintiffs,

v.

GREENBERG TRAURIG, LLP,
MARK L. HOGGE,
LAURA M. KLAUS and
ROBERT P. CHARROW,

                    Defendants.

---

## FINAL PRETRIAL ORDER

---

## 1. DATE AND APPEARANCES

Date of Conference: November 19, 2013

For Plaintiffs Philip W. Wyers and Wyers Products Group, Inc.:

> R. Parker Semler, Esq.
> Matthew Nelson, Esq.
> Semler & Associates, P.C.
> 1775 Sherman Street, Suite 2550
> Denver, Colorado 80203
> 303) 839-1680

For Defendants Greenberg Traurig, LLP, Mark L. Hogge, Laura M. Klaus and Robert P. Charrow:

> Michael L. Hutchinson, Esq.
> Treece Alfrey Musat P.C.
> 999 18th Street, Suite 1600 South Tower
> Denver, Colorado 80202
> (303) 292-2700

Robert G. Pluta, Esq.
Steptoe & Johnson LLP
115 South LaSalle Street
Chicago, IL 60603
312-577-1251

## 2. JURISDICTION

Jurisdiction is based on 28 U.S.C. §§ 1332(a)(2) and 1338(a).

## 3. CLAIMS AND DEFENSES

Summary of Plaintiffs' Claims

On April 4, 2006, Plaintiffs sued Master Lock Company for patent infringement. On March 11, 2009, the jury returned a verdict in favor of Plaintiffs in that case and awarded damages that ultimately equaled approximately $8.7 million. On June 5, 2009, Master Lock appealed the judgment entered by the trial court to the U.S. Court of Appeals for the Federal Circuit. Plaintiffs retained Defendants to represent them in that appeal.

The Federal Circuit ordered Plaintiffs and Master Lock to participate in mediation. Before the mediation, Defendant Hogge informed Mr. Wyers that he had a 87.5% chance of winning on the appeal against Master Lock. He later told Mr. Wyers that he had a 95% chance of winning the appeal. In addition, Defendants failed to spend any time preparing Mr. Wyers for the mediation conference and never interviewed Mr. Wyers in order to educate themselves regarding his risk tolerance, financial goals and various financial and extra-appellate factors that would have justified a settlement instead of risking a reversal of the judgment on appeal.

At the mediation conference, Master Lock offered to pay a significant amount to Plaintiffs to settle the case and made additional settlement offers based on different financial variables that significantly increased the net settlement value to Plaintiffs. Several weeks after

the mediation concluded, Master Lock made a significant fixed dollar settlement offer to

Plaintiffs that would have been payable by year end. Despite the clear opportunity to secure a

significant settlement, Defendant Hogge and Defendant Charrow used their professed expertise

to convince Plaintiffs not to settle and to terminate all further settlement discussions with Master

Lock.

Despite purporting to have extensive knowledge and experience with patent appeals

before the Federal Circuit, Defendants failed to apprise Plaintiffs of the potential risks associated

with an appeal, including the applicable standard of appellate review, the likelihood of

affirmance on appeal, the impact of recent judicial decisions on Plaintiffs' position, the

irrelevance of the inconsistent positions that Master Lock had taken in its patent applications and

elsewhere, and the potential consequences of remand. Defendants also failed prior to mediation

to review the trial record thoroughly and either to know or educate themselves as to the

applicable law. Defendants failed to fulfill these duties and thereby breached the applicable

standard of care.

If Defendants had satisfied the standard of care by properly preparing and counseling

Plaintiffs before and during the mediation, Plaintiffs would have either accepted Master Lock's

significant settlement offer or continued to negotiate until they received a higher acceptable sum.

Because of Defendants' negligence in adequately advising Plaintiffs of the risks of litigating the

appeal of the verdict, Plaintiffs refused Master Lock's significant settlement offer, abandoned the

prospect of negotiating for a larger sum, and stepped away from settlement negotiations to

litigate the appeal on the merits. Defendants' professional negligence in representing Plaintiffs in

the mediation caused Plaintiffs to suffer damages, including the loss of the value of the settlement offer from Master Lock and the lost royalties from other infringers.

After the mediation failed to produce a settlement, Defendants prepared and filed an Answer Brief and an appellate appendix in the Master Lock appeal. In the Answer Brief that they prepared for Plaintiffs, Defendants relied extensively on admissions of Master Lock's outside patent counsel in its own patent application and in statements during patent prosecution that its mirror image patents were not obvious. Defendants knew or should have known that the well settled rule of patent law is that the conduct of Master Lock in its patent prosecution activity and in its litigation conduct could not establish the non-obviousness of a patent which is necessary to its validity and that the non-obviousness of Plaintiffs' patent had to be established in the trial court record from other evidence.

There was testimony at trial from multiple witnesses to the effect that, on the merits, Plaintiffs' patents that were invalidated on appeal were not obvious, without regard to Master Lock's own patent applications and statements it made elsewhere. Defendants breached the standard of care by not including this trial testimony and other evidence in the appendix to Plaintiffs' appellate brief and by not directing the Federal Circuit to that testimony in the record. If the brief and appendix had included the trial testimony independent of Master Lock's conduct to the effect that Plaintiffs' patents were not obvious and had foregone the misguided Master Lock admission arguments, the Federal Circuit more likely than not would have affirmed the trial court's verdict.

Defendants engaged in other acts and made other omissions in the course of their preparation of the appellate brief that failed to meet the applicable standard of care, including

failing to analyze the applicable law sufficiently; failing to analyze the trial court record sufficiently; failing to apply the appropriate standard of appellate review to the facts of the case; failing to recognize the relevant inquiry on obviousness; failing to evaluate obviousness based on the standard described in controlling case law; failing to address and dispute Master Lock's arguments sufficiently; failing to establish a nexus between the evidence of commercial success and the patented invention; and failing to present sufficient arguments on secondary considerations.

On July 22, 2010, the Federal Circuit ruled in favor of Master Lock and held that upon *de novo* review of obviousness, the patents in suit were invalid and unenforceable. The appellate court vacated the judgment in Plaintiffs' favor and reversed the trial court's prior determination of Master Lock's liability. This result was completely avoidable had the Defendants met the applicable standard of care and prepared the proper appellate appendix and appellate brief.

Defendants' acts and omissions in preparing and filing the Answer Brief and the appellate appendix, all of which could have been avoided with the exercise of reasonable care, were the proximate cause of Plaintiffs' failure to prevail on appeal. In representing Plaintiffs in preparing and filing the Answer Brief and appellate appendix, Defendants caused damages to Plaintiffs, including the loss of the value of the judgment against Master Lock, lost past and future royalties from Master Lock and other infringers, and the litigation costs that Plaintiffs were ordered to reimburse Master Lock.

At all times during their representation of Plaintiffs, Defendants Hogge, Charrow and Klaus were acting within the scope of their employment with Greenberg Traurig. Greenberg

Traurig therefore has vicarious liability for any civil liability arising from the professional negligence of Defendants Hogge, Charrow and Klaus in the course of representing Plaintiffs.

Summary of Defendants' Defenses:

This legal malpractice case arises out of an underlying patent case. The plaintiffs in this case were also plaintiffs in a case filed against Master Lock Company for patent infringement in connection with several patents obtained by plaintiffs for a universal receiver lock, a flat flange seal for that lock and the method for making the receiver lock. A jury found in Wyers' favor and awarded payments to Wyers. Master Lock filed an appeal from that decision to the United States Court of Appeals for the Federal Circuit. Wyers hired Defendant Greenberg Traurig LLP ("GT"), along with its trial counsel, Aaron Bradford, to serve as its appellate counsel. Prior to briefing on the merits, the Federal Circuit invited the parties to participate in mediation. When the mediation process failed to produce a settlement agreeable to both sides, the parties briefed the case, the court heard oral argument, and then issued a decision reversing the judgment of the trial court. Following that decision, Mr. Bradford filed unsuccessful petitions for panel rehearing and rehearing en banc with the Federal Circuit and for certiorari with the Supreme Court of the United States.

In a case of "buyer's remorse," Wyers now blames GT for his decision to forego settlement of the case during mediation and for the Federal Circuit Court's decision on the merits.  GT denies the material allegations of the complaint. The evidence will show that GT met all applicable standards of care, and that GT's conduct did not cause Wyers to incur damages. For their affirmative defenses, GT asserts: Plaintiffs' claims are limited or barred by their own contributory or comparative negligence or fault, including the conduct of their agent Aaron

Bradford, who was GT's co-counsel, and whose responsibilities paralleled those of GT; the

negligence or fault of others, for whose acts Defendants have no responsibility or liability,

including GT's appellate co-counsel; intervening causes for which GT is not responsible; GT's

immunity from liability based on GT's honest and informed exercise of their professional

judgment; and the doctrines of consent, acquiescence and ratification, based on Plaintiffs'

directions and wishes.

Summary of Counterclaim:

      Defendant/Counterclaimant Greenberg Traurig LLP seeks to recover, on a breach of

contract theory, unpaid legal fees and costs in the amount of $110,836.98, plus interest at the

agreed rate of 1.5 percent per month.

Summary of Counterclaim Defenses:

      Plaintiffs deny that Greenberg Traurig LLP is entitled to any relief on its counterclaim for

breach of contract. Plaintiffs claim that, to the contrary, Plaintiffs are entitled to an order

compelling Greenberg Traurig LLP to disgorge all fees paid for work that was negligently

performed. Plaintiff Philip Wyers also denies that he is liable under the counterclaim because he

was not a party to the contract at issue. Plaintiffs assert that Greenberg Traurig's counterclaim is

also barred or limited by the doctrines of accord and satisfaction, waiver and estoppel, failure of

consideration, and payment and release.

## 4. STIPULATIONS

    1.    Defendant Mark L. Hogge is an attorney licensed to practice in the District of

Columbia and, at all times relevant to allegations in this Complaint, was employed by Greenberg

Traurig LLP.

2.      Defendant Robert P. Charrow is an attorney licensed to practice in the District of Columbia and, at all times relevant to allegations in this Complaint and continuing has been employed by Greenberg Traurig LLP

3.      Defendant Laura M. Klaus is an attorney licensed to practice in the District of Columbia and, at all times relevant to allegations in this Complaint and continuing has been employed by Greenberg Traurig LLP.

4.      The underlying patent infringement action was filed by Wyers against Master Lock on April 4, 2006, and was eventually tried to a jury in March 2009.

5.      At the close of evidence, the district court granted Wyers a judgment as a matter of law on infringement.

6.      In addition, the jury found in favor of Wyers on its claim and awarded them $5,350,000 in past damages and pre-judgment interest in the amount of $1,137,920.

7.      Ruling on post-trial motions on May 12, 2009, the trial court upheld the jury's verdict of non-obviousness.

8.      In addition, the trial court granted Wyers' motion for a continuing injunction against Master Lock for future infringement and awarded Wyers a 24% royalty for any infringing products that Master Lock had sold prior to the effective date of the injunction.

9.      Master Lock later disclosed additional pretrial sales of infringing products that, by stipulation, increased the total money judgment to $8,643,134.60.

10.     On June 5, 2009, Master Lock filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit.

11.     Mr. Hogge has practiced law for twenty-five years, and practices IP law with an emphasis on patent litigation.

12.     Mr. Charrow is an attorney with Greenberg Traurig, has practiced law for over forty years, and practices health law, appellate law, administrative law, food, drug, and cosmetic law, tort law, litigation and campaign finance law.

13.     Mr. Klaus is an attorney with Greenberg Traurig, has practiced law for over thirty years, and practices administrative law, appellate litigation and regulatory law.

14.     Greenberg Traurig LLP was retained by Wyers on July 5, 2009.

15.     Mr. Hogge, Mr. Charrow, Ms. Klaus, and Aaron Bradford of Lathrop & Gage LLP, entered their appearances on behalf of Wyers in the appeal.

16.     Wyers paid amounts in attorney fees and costs to Greenberg Traurig LLP.

17.     On August 6, 2009, James Amend, the Federal Circuit's Chief Circuit Mediator, informed Mr. Hogge that the dispute between Wyers and Master Lock would probably be brought into the appellate court's Mandatory Mediation Program.

18.     On October 7, 2009, Philip Wyers, Mr. Bradford, Mr. Hogge and Mr. Charrow attended a mediation conference in Washington D.C.

19.     All times during their representation of Wyers, Mr. Hogge, Mr. Charrow and Ms. Klaus were acting within the scope of their employment with Greenberg Traurig, LLP.

### 5. PENDING MOTIONS

(a)     Plaintiffs' Motion for Summary Judgment Regarding Admissibility of Evidence of Mediation Communications, Apr. 26, 2013

--      Defendants' Response to Motion for Summary Judgment Regarding

Admissibility of Evidence of Mediation Communications, May 27, 2013

--   Plaintiffs' Reply to Response to Motion for Summary Judgment

Regarding Admissibility of Evidence of Mediation Communications, June

18, 2013

(b)   Defendants' Motion to Exclude Expert Testimony of Melinda Harper, Nov. 13,

2013

--   Plaintiffs' Response due Dec. 9, 2013

## 6. WITNESSES

<u>Plaintiffs</u>

a.   Fact Witnesses:

(1)   Witnesses who will be present at trial:

(a)   Mark L. Hogge, SNR Denton US, LLP, 1301 K Street, N.W., Suite 600,

East Tower, Washington, D.C. 20037, (202) 408-6443. Mr. Hogge is a

Defendant in this case and represented Plaintiffs in the appeal that Master

Lock Company took from the judgment entered in favor of Plaintiffs in the

patent infringement action. He is expected to testify in person.

(b)   Robert P. Charrow, Greenberg Traurig, LLP, 2101 L Street, N.W.,

Washington, D.C. 20037, (202) 533-2362. Mr. Charrow is a Defendant in

this case and represented Plaintiffs in the appeal that Master Lock

Company took from the judgment entered in favor of Plaintiffs in the

patent infringement action. He is expected to testify in person.

(c)   Laura M. Klaus, Greenberg Traurig, LLP, 2101 L Street, N.W.,

Washington, D.C. 20037, (202) 533-2362. Ms. Klaus is a Defendant in this case and represented Plaintiffs in the appeal that Master Lock Company took from the judgment entered in favor of Plaintiffs in the patent infringement action. She is expected to testify in person.

(d)     Philip W. Wyers, c/o Semler & Associates, P.C., 1775 Sherman Street, Suite 2015, Denver, CO 80203, (303) 839-1680. Mr. Wyers is a Plaintiff in this case and has knowledge of the allegations of Plaintiffs' Amended Complaint. He is expected to testify in person.

(e)     Aaron Bradford, Lathrop & Gage, 950 17th Street, Suite 2400, Denver, CO 80202, (720) 931-3200. Mr. Bradford represented Plaintiffs in the patent infringement case that Plaintiffs brought against Master Lock Company and in the appeal that Master Lock Company took from the judgment entered in favor of Plaintiffs in that action. He is expected to testify in person.

(2)     Witnesses who may be present at trial if the need arises:

None

(3)     Witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:

None

b.     Expert Witnesses

(1)     Expert witnesses who will be present at trial:

(a)     Michael O. Warnecke, Esq., Perkins Coie LLP, 131 S. Dearborn Street, Suite 1700, Chicago, IL 60603, (312) 324-8549. Mr. Warnecke will testify consistent with his report dated May 7, 2013 and his deposition testimony. He is expected to testify in person.

(b)     Melinda M. Harper, Harper Hofer & Associates, LLC, 1580 Lincoln Street, Suite 1100, Denver, CO 80203, (303) 486-0012. Ms. Harper will testify consistent with his report dated May 7, 2013 and her deposition testimony. She is expected to testify in person.

(c)     Philip W. Wyers, c/o Semler & Associates, P.C., 1775 Sherman Street, Suite 2015, Denver, CO 80203, (303) 839-1680. Mr. Wyers will testify consistent with the summary of his opinions set forth in Plaintiffs' Rule 26(a)(2) Expert Disclosures and his deposition testimony. He is expected to testify in person.

(2)     Expert witnesses who may be present at trial if the need arises: None.

(3)     Expert witnesses whose testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony: None

Defendants & Counterclaimant:

a.     Fact Witnesses:

(1)     Witnesses who will be present at trial:

(a)   Mark L. Hogge. Mr. Hogge is a Defendant in this case and represented Plaintiffs in the appeal that Master Lock Company took from the judgment entered in favor of Plaintiffs in the patent infringement action. He is expected to testify in person.

(b)   Robert P. Charrow. Mr. Charrow is a Defendant in this case and represented Plaintiffs in the appeal that Master Lock Company took from the judgment entered in favor of Plaintiffs in the patent infringement action. He is expected to testify in person.

(c)   Laura M. Klaus. Ms. Klaus is a Defendant in this case and represented Plaintiffs in the appeal that Master Lock Company took from the judgment entered in favor of Plaintiffs in the patent infringement action. She is expected to testify in person.

(d)   Philip W. Wyers. Mr. Wyers is a plaintiff in this case and has knowledge of the allegations of Plaintiffs' Amended Complaint. He is expected to testify in person.

(e)   Aaron Bradford. Mr. Bradford represented Plaintiffs in the patent infringement case that Plaintiffs brought against Master Lock Company and in the appeal that Master Lock Company took from the judgment entered in favor of Plaintiffs in that action. He is expected to testify in person.

(2)   Witnesses who may be present at trial if the need arises:

None

(3)     Witnesses whose testimony is expected to be presented by means of a deposition

and, if not taken stenographically, a transcript of the pertinent portions of the

deposition testimony:

None

b.      Expert Witnesses

(1)     Expert witnesses who will be present at trial:

(a)     Dean John M. Whealan.  Dean Warnecke will testify consistent with

his report dated June 21, 2013 and his deposition testimony. He is

expected to testify in person.

(b)     Ambreen Salters.  Ms. Salters will testify consistent with her report

dated June 21, 2013 and her deposition testimony. She is expected

to testify in person.

(c)     Kevin R. Casey. Mr. Casey will testify consistent with his report

dated June 21, 2013 and his deposition testimony.  He is expected

to testify in person.

(d)     Jude Duffy, Esq.  Mr. Duffy will testify consistent with his report

dated May 7, 2013.  He is expected to testify in person.

(e)     Each individual defendant may testify as to his or her own conduct.

(2)     Expert witnesses who may be present at trial if the need arises:

None.

(3)     Expert witnesses whose testimony is expected to be presented by means of

a deposition and, if not taken steno graphically, a transcript of the

pertinent portions of the deposition testimony:

None

## 7. EXHIBITS

a.      Preliminary Exhibit Lists

(1)      Plaintiffs: *See Attachment A*

(2)      Defendants/Counterclaimant: *See Attachment B*

b.      Copies of listed exhibits must be provided to opposing counsel no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Discovery is scheduled to be completed on November 18, 2013.

## 9. SPECIAL ISSUES

None

## 10.  SETTLEMENT

a.      Counsel for the parties and any *pro se* party met *(in person) (by telephone)* on _____, ___, *2013,* to discuss in good faith the settlement of the case.

b.      The participants in the settlement conference, included counsel, party representatives, and any *pro se* party.

c.      The parties were promptly informed of all offers of settlement.

d.      Counsel for the parties and any *pro se* party *(do) (do not)* intend to hold future settlement conferences.

e.      It appears from the discussion by all counsel and any *pro se* party that there is

*[select one]*:

(a good possibility of settlement.)

(some possibility of settlement.)

(little possibility of settlement.)

(no possibility of settlement.)

f.      Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME:
## FURTHER TRIAL PREPARATION PROCEEDINGS

1.      Whether trial is to the court or a jury or both:

     Trial is to a jury

2.    Estimated trial time:

      Five days

3.    Situs of trial:

      Denver, Colorado

4.    Other:

      None.

Dated November _____, 2013

                                        BY THE COURT


                                        _____
                                        United States Magistrate Judge


APPROVED:


_____        _____
R. Parker Semler                        Michael L. Hutchinson
Semler & Associates, P.C.               Treece Alfrey Musat P.C.
1775 Sherman St., Suite 2015            999 18th St., Suite 1600
Denver, CO 80203                        Denver, CO 80202
(303) 839-1680                          (303) 292-2700

*Attorney for Plaintiffs*                and

                                        Meredith Addy, Esq.
                                        Robert G. Pluta, Esq.
                                        Steptoe & Johnson LLP
                                        115 South LaSalle Street
                                        Chicago, IL 60603
                                        312-577-1251

                                        *Attorneys for Defendants*