IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00750-WYD-CBS

PHILIP W. WYERS, and,
WYERS PRODUCTS GROUP, INC.,

      Plaintiffs,

v.

GREENBERG TRAURIG, LLP;
MARK L. HOGGE;
LAURA M. KLAUS; and,
ROBERT P. CHARROW,

      Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on the defendant, Greenberg Traurig, LLP,

Mark L. Hogge, Laura M. Klaus, and Robert P. Charrow's Motion For Summary

Judgment [ECF No. 123].  For the reasons stated below, the motion is DENIED.

**BACKGROUND**

This case arises from alleged legal malpractice in connection with a patent

infringement appeal before the United States Court of Appeals for the Federal Circuit.

The appeal involved judgment in a case from this district, in favor of Philip W.

Wyers and Wyers Product Group, Inc. ("the Plaintiffs") against Master Lock Company

("Master Lock") for patent infringement. *See* Case No. 01:06-cv-00619-LTB-MJW,

*Wyers, et al. v. Master Lock Company*.  At issue were three patents, all held by plaintiff,

Philip W. Wyers, which involved adjustable receiver locks with a convertible shank.

Cumulatively, the Plaintiffs award totaled approximately $8.7 million, which included jury awarded damages, royalties set by the district court, and pre-judgment interest set by the district court.  Despite post-trial motions challenging the verdict, the district court upheld the verdict.  Master Lock appealed to the Federal Circuit on the issue of the patents' obviousness.  The Plaintiffs retained Greenberg Traurig, LLP to defend the appeal.  Greenberg Traurig, LLP assigned defendants, Mark L. Hogge, Laura M. Klaus, and Robert P. Charrow (collectively "the Defendants") as appellate counsel.  Master Lock and the Plaintiffs engaged in mandatory mediation as mandated by the Federal Circuit.  At a meditation conference in Washington, D.C. ("D.C."), the Defendants advised the Plaintiffs not to accept a certain settlement offer from Master Lock.  Subsequent to the mediation conference, Master Lock attempted to negotiate a settlement by tendering another offer.  The Defendants allegedly advised the Plaintiffs that there was a high degree of probability that they would prevail on the appeal and that they should terminate all negotiations.  On July 22, 2010, the Federal Circuit reversed the district court's holding that the three patents were nonobvious and stated that the patents "would have been obvious as a matter of law." *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010).  As such, the Plaintiffs' award from the district court was vacated in its entirety.

On December 30, 2011, the Plaintiffs filed a legal malpractice suit against the Defendants in the District Court for the City and County of Denver, State of Colorado, captioned *Wyers, et al. v. Greenberg Traurig, LLP, et al.*, Case No. 2011-CV-8834. ECF No. 1, p. 1, ¶ 1.  On March 26, 2012, the Defendants removed the case to the United States District Court for the District of Colorado. ECF No. 1.  On December 21, 2012,

the Defendants filed their Amended Complaint [ECF No. 53] alleging the same legal

malpractice claim.  The substance of the Plaintiffs' claim is that:  (1) the Defendants

failed to properly apprise the Plaintiffs of the governing law regarding the patent appeal;

(2) the Defendants failed to accept an alleged lucrative settlement offer; (3) the

Defendants filed an insufficient appellate brief on the Plaintiffs' behalf; and, (4) as a

result of the above mentioned actions, the Federal Circuit ruled against the Plaintiffs in

the patent appeal.  On November 19, 2013, the Defendants filed a Motion For Summary

Judgment [ECF No. 123] arguing that:  (1) D.C. law governs this action; (2) D.C. law

bars this action because the Plaintiffs' trial counsel and non-party to this action, Aaron

Bradford, was contributorily negligent in advising the Plaintiffs about settlement; and, (3)

the Plaintiffs cannot establish damages.

## ANALYSIS

### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220

F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, [the court must] 'view

the evidence and draw all reasonable inferences therefrom in the light most favorable to

the party opposing summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of

Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (citation omitted).  "A fact is 'material' if,

under the governing law, it could have an effect on the outcome of the lawsuit."

*Horizon/CMS Healthcare*, 220 F.3d at 1190.  "A dispute over a material fact is 'genuine'

if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

"The burden of showing that no genuine issue of material fact exists is borne by the moving party." *Horizon/CMS Healthcare*, 220 F.3d at 1190. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Atl. Richfield Co.*, 226 F.3d at 1148 (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Sw. Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

## B.  The Defendants' Motion For Summary Judgment [ECF No. 123]

### 1.  Choice of Law

The parties dispute what law governs this action. The Defendants argue that D.C. law governs and the Plaintiffs argue that Colorado state law governs. When a plaintiff invokes a federal district court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, as is the case here, courts look to the forum state's choice of law rules to determine which state's substantive law applies. *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citations omitted). The Colorado Supreme Court has stated that the choice of law standard used to determine what state law applies in a multi-state tort action is "the most significant relationship to the occurrence and parties test expressed in Restatement (Second) of the Conflicts of Laws §§ 145, 171 (1971)."[1] *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 508 (Colo. 2007) (en banc).

---

[1] Section 145 is used to determine the applicable state law and § 171 is used to determine the measure of damages.

Section 6(2) of the RESTATEMENT sets out the following principles to be

considered in resolving choice of law issues:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

RESTATEMENT (Second) of CONFLICT of LAWS § 6 (1971).  Section 145 of the

RESTATEMENT further clarifies how these factors should generally be applied in multi-

state tort cases, such as the instant matter:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> > (a) the place where the injury occurred,
> >
> > (b) the place where the conduct causing the injury occurred,
> >
> > (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

> (d) the place where the relationship, if any, between
> the parties is centered.
>
> These contacts are to be evaluated according to their
> relative importance with respect to the particular issue.

*Id*. at 145.  Pursuant to the Colorado Supreme Court's mandate, I turn to analysis of

what state law governs this action under the factors set forth in § 145 of the

RESTATEMENT.

### a.  Place of Injury

This action does not present the typical personal injury negligence claim where

there is physical injury.  Rather, the injury in this case is monetary.  Plaintiff, Philip W.

Wyers, is a Colorado resident and principal officer of plaintiff, Wyers Products Group,

Inc. ECF No. 53, p. 1, ¶ 2.  Plaintiff, Wyers Products Group, Inc., is a Colorado

corporation. *Id*. at ¶ 2.   The injury sustained as a result of the Defendants' alleged

actions was felt and realized in Colorado.  As such, Colorado is the place of injury.

### b.  Place Where the Conduct Causing the Injury Occurred

The Plaintiffs allege that the Defendants committed legal malpractice in two

specific ways.  First, the Plaintiffs state that the Defendants committed legal malpractice

when they declined Master Lock's settlement offers during mediation conferences in

D.C. and afterwards.  Second, the Plaintiffs state that the Defendants committed legal

malpractice by failing to prepare a proper appellate appendix and appellate brief.

The settlement rejections during the mediation conference took place in D.C.

The settlement rejection which took place subsequent to the mediation conference also

took place in D.C. as it is undisputed that "[n]o GT shareholder or employee traveled

outside of DC in connection with GT's representation of Wyers, or made any contact

with Wyers from some location other than GT's DC Office." ECF No. 123, p. 6, ¶ 30.

Accordingly, the advice to reject the settlement offer and terminate all further

negotiations had to come from D.C.  Further, the Defendants prepared the appellate

brief in D.C.  Thus, D.C. is the place where the conduct causing the injury occurred.

### c.  Domicile, Residence, Nationality, Place of Incorporation and Place of Business of the Parties

Plaintiff, Philip W. Wyers, is a Colorado resident and plaintiff, Wyers Products

Group, Inc. is a Colorado corporation. ECF No. 53, p. 1, ¶¶ 1 – 2.  Defendant,

Greenberg Traurig, LLP is a New York limited liability partnership and its only two

partners, non-party Greenberg Traurig P.A. and non-party Greenberg Traurig of New

York, P.C., are citizens of Florida and New York. ECF No. 1, p. 3, ¶ 9.  Thus, Greenberg

Traurig, LLP is a citizen of Florida and New York. *See Carden v. Arkoma Assocs.*, 494

U.S. 185, 195-96 (1990) (Holding that citizenship of a partnership is determined by the

citizenship of each partner).  Further, among other places, Greenberg Traurig, LLP has

places of business in Colorado and D.C.  Defendant, Mark L. Hogge, is a Virginia

resident. ECF No. 1, p. 4, ¶ 10.  Defendants, Robert P. Charrow and Laura M. Klaus,

are Maryland residents. *Id.* at ¶¶ 11 – 12.

D.C. arises only once in this analysis because Greenberg Traurig, LLP has an

office in D.C.  Plaintiff, Philip W. Wyers, is a Colorado resident and plaintiff, Wyers

Products Group, Inc. is a Colorado corporation.  Further, Greenberg Traurig, LLP has

an office in Colorado.  As such, analysis under this factor weighs in favor of applying

Colorado state law.

### d. Place Where the Relationship, If Any, Between the Parties is Centered

This factor is neutral.  There is no precise geographical situs of the parties'

relationship.  The Defendants are correct that they provided legal services to the

Plaintiffs from D.C.  However, that fact alone does not definitively determine the location

of the parties' relationship.  Communication between the parties was primarily by

telephone and email.  This is not a case where the parties routinely met, face to face, at

a designated location.  The fact that plaintiff, Philip W. Wyers, traveled to D.C. to

partake in the mediation conference is not dispositive either.  Section 145's text is quite

clear.  Pursuant to § 145(2)(d), I am to determine the center of the parties' relationship *if*

such a place exists.  No such place exists in the present case and therefore this factor

is neutral.

### e. Conclusion

Based on my analysis of the factors stated in § 145 of the RESTATEMENT, I find

that Colorado has the most significant relationship to the occurrence and parties.

Though the alleged conduct that gave rise to the Plaintiffs' injury occurred in D.C., the

injury was sustained in Colorado.  Plaintiff, Philip W. Wyers, is a Colorado resident,

plaintiff, Wyers Products Group, Inc. is a Colorado corporation, and Greenberg Traurig,

LLP has an office in Colorado.  Further, there is no center of the parties' relationship.

Thus, Colorado has the most significant relationship to the occurrence and parties and

Colorado state tort law will apply.

### 2.  The Defendants' Contributory Negligence Argument

The Defendants argue that D.C. law bars the Plaintiffs' claim because Plaintiffs' trial counsel and non-party, Aaron Bradford, was contributorily negligent.  Because Colorado state law governs this action, I need not address this argument.

### 3.  The Plaintiffs' Legal Malpractice Claim

"The standard for legal malpractice in Colorado requires a plaintiff to show that the attorney breached a duty of care owed to the plaintiff, thereby causing damage to the plaintiff." *Stanton v. Schultz*, 222 P.3d 303, 307 (Colo. 2010) (citing *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 83 (Colo. 1999)).  Thus, a plaintiff must establish that:  (1) the defendant attorney owed him a duty of care; (2) the defendant attorney breached that duty of care; and, (3) the breach caused him damage.  "To prove causation in a legal malpractice case, a plaintiff must show that the result of the [appeal] would have been different but for the attorney[s'] misconduct." *Stanton*, 222 P.3d at 307 (citing *Bebo Constr. Co.*, 990 P.2d at 83).

The Defendants' entire argument regarding the Plaintiffs' legal malpractice claim centers on damages.  Simply stated, the Defendants argue that the Plaintiffs cannot establish damages as a result of the Defendants' alleged actions.  The Defendants argue that "the record contains no admissible evidence showing that a settlement agreement was likely or even possible." ECF No. 123, p. 18, ¶ 3.  The Defendants further argue that the Plaintiffs "cannot possibly produce such evidence because any testimony about the nature or amount of offers made by Master Lock to Wyers would be inadmissible hearsay." *Id.*

No party addresses the duty of care owed under these particular circumstances, breach of such duty, or causation.  Without any argument and/or evidence presented with respect to these elements of the Plaintiffs' claim, namely causation, I decline to glaze over these issues and issue a ruling on damages.  Further, according to the pleadings, whether the Plaintiffs can establish damages, and if so, how much, is contingent on the admissibility of certain evidence.  I will rule on such evidence if and when it arises during trial as the context of such arguments will be more appropriately set.  Therefore, the Defendants' Motion For Summary Judgment [ECF No. 123] is DENIED.  This ruling does not preclude the parties from advancing arguments regarding the admissibility of evidence relating to damages at trial.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that the Defendants' Motion For Summary Judgment [ECF No. 123] is **DENIED**.

Dated:  June 13, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge