IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00750-WYD-CBS

PHILIP W. WYERS, et al.
    Plaintiffs,

v.

GREENBERG TRAURIG, LLP et al;
    Defendants.

---

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EXPERT OPINION TESTIMONY ON ISSUE OF CAUSATION FOR APPELLATE BRIEFING CLAIM**

---

Defendants, through counsel, Treece Alfrey Musat P.C. and Steptoe & Johnson LLP, hereby move the Court for an Order precluding expert opinion testimony on the issue of causation with respect to Plaintiffs' claim for legal malpractice in the appellate briefing context.

Rule 7.1(A) Certification: The undersigned certifies that he has consulted with Plaintiffs' counsel, who indicates that Plaintiffs will oppose this motion.

Plaintiff's standard-of-care expert is patent litigator Michael O. Warnecke, Esq. Mr. Warnecke has been endorsed by Plaintiffs to testify that, in his opinion, Defendants negligently prepared an appellate brief in a patent matter before the United States Court of Appeals for the Federal Circuit.

In addition, however, Mr. Warnecke states in his report (without elaboration): "In my opinion, but for the GT mishandling of the appellate process, Wyers would have

been successful in obtaining an affirmance of the liability judgment by the District Court." (Pls.' Expert Discl., May 7, 2013, ex. 1 at 35.)

In other words, it appears that Plaintiffs intend to have Mr. Warnecke take the stand and predict what the Federal Circuit would have done with a different appellate brief.

As explained in Defendants' Motion to Strike Jury Demand on Issue of Causation for Appellate Briefing Claim, [ECF No. 149], the issue of whether an attorney's alleged negligence in the handling of an appeal proximately caused the client damages is a question of law for the court.

As such, expert witness predictions on what a court of appeals would have done but for the lawyer's conduct are inappropriate and inadmissible. 4 R. Mallen & J. Smith, Legal Malpractice, at 944 § 33:43 (2012 ed.) (footnote citing cases).

"It would be improper for the trial court . . . to rely upon the opinion of an 'expert' as to the probable outcome of an appeal; rather, it is the duty of the trial court . . . to apply the relevant law to determine whether the appeal would have been successful." *Dow Chem. Co. v. Ogletree, Deakins, Nash, Smoak & Stewart*, 514 S.E.2d 836, 840 (Ga. App. 1999) (affirming trial court's refusal to permit retired federal district court judge to opine about likely outcome of appeal to the Eleventh Circuit); *accord Royal Ins. Co. of Am. v. Miles & Stockbridge*, 133 F.Supp.2d 747, 762 (D. Md. 2001) (citing *Dow Chemical*).

This is consistent with the broader rule that "[w]here the ultimate issue is a question of law, the opinion of a legal expert, even a lawyer, interferes with the judge's

role as 'sole arbiter of the law' and should not be allowed." *Wollan v. U.S. Dep't of Interior*, 997 F. Supp. 1397, 1403 (D. Colo. 1998) (Kane, J.); *accord Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1998).

Based on these authorities, this Court should preclude expert testimony by Mr. Warnecke on the issue of whether Plaintiffs' appeal would have been successful with a different brief. The issue of causation is one for the Court to decide – the Court does not need the assistance of an expert witness.

WHEREFORE, Defendants pray that the Court enter an Order precluding expert opinion testimony by Mr. Warnecke on the issue of causation with respect to Plaintiffs' claim for legal malpractice in the appellate briefing context.

July 1, 2014

                                    TREECE ALFREY MUSAT P.C.

                                    */s/  Michael L. Hutchinson*
                                    Michael L. Hutchinson
                                    Treece Alfrey Musat P.C.
                                    999 18th Street, Suite 1600
                                    Denver, CO 80202
                                    Telephone: 303-292-2700
                                    hutch@tamlegal.com

                                    and

                                    STEPTOE & JOHNSON LLP
                                    Meredith Martin Addy
                                    Steptoe & Johnson LLP
                                    115 South LaSalle Street
                                    Chicago, IL 60603
                                    Telephone: 312-577-1251
                                    maddy@steptoe.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of July, 2014, a true and correct copy of the foregoing was filed using the CM/ECF system, which will automatically serve the following via email:

R. Parker Semler, Esq. – parker@semlerlaw.com
Matthew Nelson, Esq. – matt@semlerlaw.com
Andrew Oh-Willeke, Esq. - aowilleke@gmail.com
Semler & Associates, P.C.
1775 Sherman Street, Suite 2015
Denver, Colorado 80203

                              */s/ Ronda Frazier*_____