IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00750-WYD-CBS

PHILIP W. WYERS; and
WYERS PRODUCTS GROUP, INC.
        Plaintiffs,

v.

GREENBERG TRAURIG, LLP et al;
        Defendants.

---

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO EXCLUDE THE EXPERT TESTIMONY OF MELINDA M. HARPER

---

# Table of Contents

I.  SHORT BACKGROUND ........................................................................................... 1

II.  ARGUMENT ........................................................................................................... 2

   A.  Ms. Harper's Opinions Are Not Reliable Because She Is Merely Acting As A Calculator. ......................................................................................................... 2

      1. This Is Not Simply A "Factual Dispute" Between Ms. Harper And Defendants' Expert ............................................................................................................. 4

   B.  The Assumptions Underlying Ms. Harper's Calculations Are Untenable. ............. 5

   C.  Ms. Harper's Lack Of Experience With Patent Damages Further Corrodes The Reliability Of Her Opinions. ........................................................................... 6

   D.  At Least One Other Court Excluded Ms. Harper's Testimony.............................. 7

III.  CONCLUSION ...................................................................................................... 7

Plaintiffs claim their damages expert, Melinda M. Harper, "is not pulling numbers out of the air." (Dkt. No. 148 at 9.)  That is ***precisely*** what she is doing.  Instead of performing an independent assessment, Ms. Harper blindly accepted several incorrect assumptions from counsel for Wyers.  Ms. Harper's failure is exacerbated by the fact that she has ***no experience*** in determining damages for patent infringement cases.  Thus, the Court should not permit Ms. Harper to act as an indiscriminate mouthpiece for Plaintiffs for the sole purpose of lending credence to their unsupported damages theories.

Philip Wyers or other fact witnesses can testify about the facts and assumptions on which Ms. Harper relies, and the jury is more than capable of determining any damages based on those facts.  The jury does not need Ms. Harper to act as a human calculator.  Accordingly, the Court should preclude Ms. Harper from testifying, just as another court has done.

## I.    SHORT BACKGROUND

Ms. Harper calculated damages for Plaintiffs based on a series of unsubstantiated suppositions.  First, she assumed that but for Defendants' alleged negligence during settlement negotiations or during the appellate process, Wyers would have recovered either $3.5 million or around $8.6 million.  (Dkt. No. 144, Harper Report, Ex. 1, at 4–5.)  Second, Ms. Harper assumed that the royalty rate for infringing sales after the district court trial would have been 24%.  (*Id.* at 5–6; *id.* at Ex.4.)  Third, Ms. Harper assumed that 15,000 or 20,000 stores would sell infringing products.  (*Id.* at 5–6; *id.* at Exs.4–7.)  Fourth, Ms. Harper assumed each of those 15,000 or 20,000 stores

would have sold one infringing product per week at a price of $7.25 per product (i.e., $108,750 or $145,000 in sales per week).  (*Id.*)

Plaintiffs do not dispute that Ms. Harper made these series of assumptions. (Dkt. No. 148 at 6) ("Ms. Harper's lost royalty calculations are based on assumptions that Wyers' invention would have sold at a price of $7.25 and that he would have received a 24% royalty on its sales.").  Nor do Plaintiffs dispute that Ms. Harper did not evaluate the legitimacy of the assumptions she made:  "Defendants object that Ms. Harper has not performed sufficient research….  But extensive research was not a necessary precursor to Ms. Harper's calculations…."  (*Id.* at 4); (*see also id.* at 7) (a reasonable royalty "analysis was not necessary for [Ms. Harper] to construct an admissible opinion.")  Instead, Plaintiffs concede Ms. Harper is simply trying to "provide a meaningful mathematical calculation of Wyers' ultimate damages."  (*Id.* at 9.)

Plaintiffs' admissions demonstrate that they are merely seeking to have Ms. Harper act as a human calculator for the jury, and in the process attempt to lend expert credence to their flawed damages theories.

II.    **ARGUMENT**

   A.    **Ms. Harper's Opinions Are Not Reliable Because She Is Merely Acting As A Calculator.**

Ms. Harper's methodology is flawed because she used no methodology. Instead, she simply accepted a series of assumptions from counsel for Wyers—without assessing the propriety of those assumptions—and then used those assumptions to perform basic mathematical calculations.   Plaintiffs admit as much.  (*See, e.g.*, Dkt. No.

148 at 4, 7, 9.) Ms. Harper herself testified she did not evaluate the assumptions she used. (Dkt. No. 144, Ex. 3, at 88:2–89:2.)

These admissions are fatal for Plaintiffs and Ms. Harper. Federal Rule of Evidence 702 requires an expert's testimony be "based upon sufficient facts or data" and the "product of reliable principles and methods," which have been applied reliably to the facts. "Under *Daubert*, any step that renders the analysis unreliable renders the expert's testimony inadmissible." *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 782 (10th Cir. 1999).

Ms. Harper's failure to perform an independent review of the assumptions provided to her is similar to what a damages expert did in *Cartel Asset Management v. Ocwen Financial Corp.*—and his testimony was excluded. 249 F. App'x 63, 79–80 (10th Cir. 2007). In *Cartel*, a real estate damages expert provided a damages opinion, but admitted that he "did not conduct an independent review" and that the "only basis" for the four-year timeframe upon which he made his calculations was information provided to him. *Id.* at 80. The court excluded his testimony as "speculative and inadmissible," because the four-year timeframe was "merely [an] unsubstantiated suggestion contained and endorsed in [the expert's] calculations. This is insufficient." *Id. See also Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1213 (10th Cir. 2004) (affirming a ruling striking expert's testimony "based on assumptions and speculation").

Likewise here, Ms. Harper admitted she did not do "independent research to verify the assumptions [she] applied to [her] models," "didn't do any independent research to verify the assumptions … [of] the number of sales per week," "did not do

any independent research to verify the assumptions … [about] the number of stores that would distribute Wyers' product," and did not "review Wyers' historical sales to validate or confirm any of the assumptions." (Dkt. No. 144, Ex. 3, at 88:2–89:2.) The expert in *Cartel* only relied on one unsubstantiated assumption; Ms. Harper's reliance on a series of unsupported assumptions is much more egregious and renders her testimony unreliable and inadmissible.

Therefore, the Court should prevent Ms. Harper from testifying.

## 1. This Is Not Simply A "Factual Dispute" Between Ms. Harper And Defendants' Expert

Plaintiffs contend that the basis for Defendants' motion to exclude Ms. Harper is merely a "factual dispute" between Ms. Harper and Defendants' expert Ambreen Salters. (Dkt. No. 148 at 2.) On the contrary, the facts are the only things not in dispute: Ms. Harper relied on several assumptions from counsel for Wyers, failed to evaluate the adequacy of those assumptions, and has no experience calculating damages for patent infringement cases.

What Ms. Harper failed to do is what renders her opinions unreliable and speculative, and thus inadmissible. Ms. Harper assumed there was a causal nexus to support damages, but she should have performed some kind of causal analysis, such as considering the probability that Wyers would have succeeded against other alleged infringers, to determine whether a nexus existed. (*See* Dkt. No. 148 at 7–8.) Ms. Harper also should have researched whether a 24% royalty rate was reasonable by performing a reasonable royalty analysis, or at least by considering Master Lock's proposed 2.5% royalty rate, but she did not. (*Id.* at 6.) Further, she should have

investigated whether 15,000 or 20,000 stores would have sold relevant products and whether each store would have sold one product per week—for instance, by reviewing Wyers' past sales information—but she again took the easy road and did nothing. (*Id.*)

These are not factual disputes. Ms. Harper failed to apply any methodology, let alone a reliable one. Hence, the Court should preclude Ms. Harper from testifying.

## B. The Assumptions Underlying Ms. Harper's Calculations Are Untenable.

Besides not applying a reliable methodology—which is an independent basis for excluding Ms. Harper's testimony—Ms. Harper's mathematical calculations are flawed because the underlying assumptions are faulty. For example, the royalty base Ms. Harper used is entirely too high even by liberal standards, because there were no competitors of Master Lock's size and market presence. (Dkt. No. 144 at 9–11.)

Similarly, Ms. Harper's use of a 24% royalty rate is misguided, because there are myriad reasons why a royalty rate for one company is not acceptable for another company. (*See* Dkt. No. 144 at 11–12); *see also Brandeis Univ. v. Keebler Co.*, No. 1:12-cv-01508, 2013 U.S. Dist. LEXIS 18948 (N.D. Ill. Jan. 18, 2013) (excluding expert testimony where expert applied the same royalty rate regardless of the size of the accused infringer). It is therefore incorrect to contend, as Plaintiffs do, that simply because a royalty rate of 24% was applied to Master Lock, that same royalty rate should apply to sales by other accused infringers. (*See* Dkt. No. 148 at 7.)[1]

---

[1] Plaintiffs contend that the 24% rate set against Master Lock is an "established royalty," and thus there was no need for Ms. Harper to perform a reasonable royalty analysis. (Dkt. No. 148 at 7.) This is not so. A royalty rate set by a court against a third party infringer is not an "established royalty," because it is not a reliable source of information.

Plaintiffs run from most of these issues instead of taking them head on.  (*See, e.g.*, Dkt. No. 148 at 4) ("These assumptions are fully supported by the evidence that will be adduced at trial."); (*see also id.* at 6–7) ("To the extent that Defendants disagree with [Ms. Harper's] assumptions, they will have ample opportunity to dispute them at trial.")  Nonetheless, all of Plaintiffs' protestations miss the point:  Defendants should not have to dispute Ms. Harper's contentions at trial because her opinions are unreliable, and as the gatekeeper of reliable testimony, the Court should prevent Ms. Harper from misguiding the jury.

### C. Ms. Harper's Lack Of Experience With Patent Damages Further Corrodes The Reliability Of Her Opinions.

Putting her faulty assumptions, and her blind reliance on them, aside, the Court should exclude Ms. Harper's opinions because she has no experience with determining patent infringement damages.  (Dkt. No. 144, Ex. 3 at 23:13–24:1; 26:6–27:23; 29:25–31:6).  Ms. Harper made this abundantly clear at her deposition.  (*Id.*)  This lack of experience is yet another independent basis on which to preclude Ms. Harper from testifying at trial.  *See State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1073 (Fed. Cir. 2003) (damages expert excluded because he "did not have any knowledge regarding reasonable royalties….")

---

*See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012) ("A payment of any sum in settlement of a claim for an alleged infringement cannot be taken as a standard to measure the value of the improvements patented, in determining the damages sustained by the owners of the patent in other cases of infringement.") (quoting *Rude v. Westcott*, 130 U.S. 152, 164 (1889)).  Hence, Ms. Harper mistakenly applied the 24% from the district court litigation as an "established royalty."

**D. At Least One Other Court Excluded Ms. Harper's Testimony**

Given the severity and multitude of problems with Ms. Harper's opinions in this case, it should not be surprising that another court prohibited Ms. Harper from testifying. *See Wing v. Layton*, 957 F. Supp. 2d 1307 (D. Utah 2013). The court excluded Ms. Harper's testimony because of the same failures Ms. Harper exhibits in this case—blind acceptance of assumptions and failure to review the data independently:

> Ms. Harper admits she did not conduct a review of the financial and accounting records of VesCor, KOJO, or Siena Office Park, and she used estimated operating expenses, despite the availability of actual operating costs in VesCor's records. In sum, the court finds Ms. Harper's opinion and testimony is based on incomplete data and is, therefore, neither helpful nor reliable. Accordingly, the Receiver's motion is granted.

*Id.* at 1314, n.7. These same issues exist to a greater degree here, and thus Ms. Harper should not be permitted to testify.

**III. CONCLUSION**

Ms. Harper's opinions are unreliable because she blindly relied on unsubstantiated assumptions. These problems are worsened by Ms. Harper's utter lack of experience in calculating patent infringement damages. Plaintiffs' transparent attempt to lend credence to their faulty damages theories by having Ms. Harper testify should be denied. Other fact witnesses can convey the underlying assumptions and facts to the jury, making Ms. Harper's prospective testimony duplicative, irrelevant, and not helpful.

Therefore, Defendants respectfully request that the Court grant their motion to exclude the expert testimony of Melinda M. Harper.

Respectfully submitted this 10th day of July 2014.

TREECE ALFREY MUSAT P.C.


*/s/ Michael L. Hutchinson*
Michael L. Hutchinson
Katharine A. Jensen
Treece Alfrey Musat P.C.
999 18th Street, Suite 1600
Denver, CO 80202
Telephone:  303-292-2700
Facsimile:   303-295-0414
Email:  hutch@tamlegal.com
        kjensen@tamlegal.com

and

STEPTOE & JOHNSON LLP


*/s/ Taras A. Gracey*
Taras A. Gracey
Brandon C. Helms
Steptoe & Johnson LLP
115 South LaSalle Street
Chicago, IL 60603
Telephone:  312-577-1251
Facsimile:   312-577-1370
Email:  tgracey@steptoe.com
        bhelms@steptoe.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July 2014, a true and correct copy of the

foregoing **Defendants' Reply In Support Of Their Motion to Exclude the Expert**

**Testimony of Melinda M. Harper** was filed using the CM/ECF system, which will

automatically serve the following counsel of record via email:

R. Parker Semler, Esq. – parker@semlerlaw.com
Matthew Nelson, Esq. – matt@semlerlaw.com
Andrew Oh-Willeke, Esq. - aowilleke@gmail.com
Semler & Associates, P.C.
1775 Sherman Street, Suite 2015
Denver, Colorado 80203

*/s/ Ronda Frazier*