## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case no. 12-cv-00750-WYD-CBS

PHILIP W. WYERS and
WYERS PRODUCTS GROUP, INC.,

                Plaintiffs,

v.

GREENBERG TRAURIG, LLP,
MARK L. HOGGE,
LAURA M. KLAUS and
ROBERT P. CHARROW,

                Defendants.

---

### PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

---

SEMLER & ASSOCIATES, P.C.
R. Parker Semler
Matthew Nelson
1775 Sherman Street, Suite 2015
Denver, Colorado 80203
Phone: (303) 839-1680
Fax: (303) 839-1642
parker@semlerlaw.com
matt@semlerlaw.com

*Attorneys for Plaintiffs Philip W. Wyers and Wyers Products Group, Inc.*

INSTRUCTION NO. _____

I will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law to the facts as you find them to be.

Each party to this action claims to be entitled to damages from the other. The plaintiffs are Philip W. Wyers and Wyers Products Group, Inc. The defendants are Greenberg Traurig, LLP, Mark L. Hogge, Laura M. Klaus and Robert P. Charrow. The defendants are a law firm and three lawyers.

The plaintiffs claim that the defendants Hogge and Charrow were negligent in representing them throughout the mediation process with Master Lock and that, as a result of the negligence of one or both of these defendants, the plaintiffs lost an opportunity to settle the case with Master Lock. The plaintiffs also claim that the defendant Hogge was negligent in the process of supervising the drafting and preparing of and/or drafting and preparing the answer brief in the Master Lock appeal and that the defendants Charrow and Klaus were negligent in the process of drafting and preparing their answer brief in the Master Lock appeal. The plaintiffs claim that as a result of the negligence of one or more of these defendants, the plaintiffs lost the appeal.

The defendants deny the plaintiffs' allegations, and assert that they did nothing wrong. As an affirmative defense, the defendants assert that plaintiffs were the cause of their own claimed damages, if any.

2

As a counterclaim against the plaintiffs, the defendant, Greenberg Traurig, LLP, contends that the plaintiffs still owe the law firm for unpaid legal fees and costs.

The plaintiffs deny Greenberg Traurig's claim and as an affirmative defense, the plaintiffs claim that Greenberg Traurig, acting through the defendant Mark Hogge, waived any right to collect any additional fees from the plaintiffs.

The plaintiffs also contend that the defendant, Greenberg Traurig, may not collect any attorney fees for services negligently performed and is required to return to the plaintiffs all attorney fees for services negligently performed by any of the individual defendants, Mark Hogge, Robert Charrow or Laura Klaus.

These are the issues you are to decide.

CJI-Civ. 2:2 (Liability in Issue - - Counterclaim)

INSTRUCTION NO. _____

1.      The plaintiffs have the burden of proving their claim by a preponderance of the
evidence.

2.      The defendants have the burden of proving each of their affirmative defenses to
the plaintiffs' claims by a preponderance of the evidence.

3.      The defendant Greenberg Traurig has the burden of proving its counterclaim by a
preponderance of the evidence.

4.      The plaintiffs have the burden of proving each of their affirmative defenses to
defendant Greenberg Traurig's counterclaim by a preponderance of the evidence.

5.      To prove something by a "preponderance of the evidence" means to prove that it
is more probably true than not.

6.      "Burden of proof" means the obligation a party has to prove his, her or its claims
or defenses by a preponderance of the evidence.  The party with the burden of proof can use
evidence produced by any party to persuade you.

7.      If a party fails to meet its burden of proof as to any claim or defense or if the
evidence weighs so evenly that you are unable to say that there is a preponderance on either side,
you must reject that claim or defense.

CJI-Civ. 3:1 (Burden of Proof and Preponderance of Evidence - - Defined)

INSTRUCTION NO. _____

Any finding of fact you make must be based on probabilities, not possibilities.

You should not guess or speculate about a fact.

CJI-Civ. 3:4 (No Speculation)

INSTRUCTION NO. _____

The evidence in the case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, all facts which have been admitted or agreed to, and all facts and events which have been judicially noticed.

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you.  Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence.

You are to consider only the evidence in the case and the reasonable inferences from that evidence.  An inference is a deduction or conclusion that reason and common sense lead the jury to draw from other facts that have been proved.

When the Court declares it has taken judicial notice of some fact or event, the jury must accept that fact or event as proved.

CJI-Civ. 3:8 (Evidence in the Case)

INSTRUCTION NO. ____

Evidence may be either direct or circumstantial.  Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred.  All other evidence is direct evidence.  The law makes no distinction between the effect of direct evidence and circumstantial evidence.

CJI-Civ. 3:9 (Direct and Indirect (Circumstantial) Evidence - - Defined)

INSTRUCTION NO. _____

Certain testimony has been read into evidence from a deposition.  A deposition is testimony taken under oath before the trial and preserved in writing.  You are to consider that testimony as if it had been given by the witness from the witness stand.

CJI-Civ. 3:10 (Depositions as Evidence)

INSTRUCTION NO. _____

The weight of the evidence is not necessarily determined by the number of witnesses testifying to a particular fact.

CJI-Civ. 3:12 (Preponderance Not Determined by Number of Witnesses)

INSTRUCTION NO. _____

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

CJI-Civ. 3:15 (Sympathy - - Prejudice)

INSTRUCTION NO. _____

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony. You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

CJI-Civ. 3:16 (Expert Witnesses)

INSTRUCTION NO. ____

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony.  You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Based on these considerations, you may believe all, part or none of the testimony of a witness.

CJI-Civ. 3:17 (Determining Credibility of Witnesses)

INSTRUCTION NO. ____

The lawyers have highlighted certain parts of some exhibits. However, it is for you to determine the significance of the highlighted parts.

CJI-Civ. 3:18 (Highlighted Exhibits)

INSTRUCTION NO. _____

The defendants are sued as employer and employee.  The defendant, Greenberg Traurig, is the employer and the defendants, Mark Hogge, Robert Charrow and Laura Klaus are its employees.  If you find that any one of the individual defendants, either the defendant Hogge, the defendant Charrow, or the defendant Klaus, is legally responsible for the plaintiffs' damages, then you must find that the defendant Greenberg Traurig is also legally responsible for those damages.  However, if you find that none of the individual defendants, neither the defendant Hogge, the defendant Charrow, nor the defendant Klaus, is legally responsible, then you must find that Greenberg Traurig is not legally responsible for those damages.

CJI-Civ. 8:4 (Principal and Agent or Employer and Employee - - Both Parties Sued - - Liability When No Issue as to Relationship or Scope of Authority or Employment) (modified)

INSTRUCTION NO. ____

An attorney is negligent when he or she does an act that reasonably careful attorneys would not do or fails to do an act that reasonably careful attorneys would do.

To determine whether an attorney's conduct is negligent, you must compare that conduct with what an attorney, having and using that knowledge and skill of attorneys practicing law at the same time, would or would not have done under the same or similar circumstances.

What amounts to negligence in a particular situation is judged by professional standards of the particular area of law in which the attorney is involved.

A lawyer must provide competent representation to a client.  Expertise in a particular filed of law may be required in certain circumstances.  One such circumstance would be where the lawyer, by representations made to the client, has led the client reasonably to expect a special level of expertise in the matter undertaken by the lawyer.

CJI-Civ. 15:21 (Negligence - - Attorneys - - Defined); *McConwell v. FMG of Kansas City, Inc.*, 801 p.2d 830, 837 (Kan. App. 1993); *Duffey Law Office, S.C. v. Tank Transportation, Inc.*, 535 N.W.2d 91, 96 (Wis. App. 1995); *Celluci v. Bronstein*, 649 A.2d 1333, 1341 ( N.J. Super. 1994); *Rodriguez v. Horton*, 622 P.2d 261, 264 (N.M. App. 1980); D.C.R.P.C. 1.1 and Comment 1.

INSTRUCTION NO. _____

A lawyer should exert his or her best efforts to insure that his or her client is fully

informed of all relevant considerations before the client makes a decision about the issues at

hand.  Lawyer should insure that client is considering  all relevant considerations prior to making

a decision.  A lawyer ought to initiate this decision-making process of considering all relevant

considerations if the client does not do so.  Advice of a lawyer to his client need not be confined

to purely legal considerations.  A lawyer should advise his client of the possible effect of each

legal alternative.  A lawyer should bring to bear upon this decision-making process the fullness

of his experience as well as his objective viewpoint.

*Whiteaker v. State*, 382 N.W.2d 112, 115-16 (Iowa 1986)

INSTRUCTION NO. ____

One of the obligations that an attorney owes to his or her client is to anticipate reasonably foreseeable risks.

*Temple Hoyne Buell Foundation v. Holland & Hart*, 851 P.2d 192, 198 (Colo. App. 1992)

INSTRUCTION NO. ____

You must evaluate the conduct of each individual defendant separately.  If you find that one of the individual defendants was negligent, you may, but need not, find that either of the other individuals was also liable.

CJI-Civ. 4:7, Note on Use 2 (Verdict Form for Single Plaintiff and Multiple Defendants)

INSTRUCTION NO. ____

For the plaintiffs, Phillip Wyers and Wyers Products, to recover from the defendant,

Mark Hogge, on their claim that he was negligent in representing them throughout the mediation

process with Master Lock, you must find that all of the following have been proved by a

preponderance of the evidence:

1.      The plaintiffs had damages;

2.      The defendant Hogge was negligent in representing them at the mediation; and

3.      The defendant Hogge's negligence was a cause of the plaintiffs' damages.

If you find that any one or more of these three statements has not been proved, then your

verdict must be for the defendant Hogge on the plaintiffs' claim that he was negligent in

representing them at the mediation with Master Lock.

On the other hand, if you find that all of these three statements have been proved, (then

your verdict must be for the plaintiffs) (then you must consider the defendant Hogge affirmative

defense(s) of *[insert any affirmative defense that would be a complete defense to plaintiff's

claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative

defenses have) been proved by a preponderance of the evidence, then your verdict must be for

the defendant Hogge on the plaintiffs' claim that he was negligent in representing them at the

mediation with Master Lock.

However, if you find that (this affirmative defense has not) (none of these affirmative

defenses have) been proved, then your verdict must be for the plaintiffs on their claim that

defendant Hogge was negligent in representing them at the mediation with Master Lock.

CJI-Civ. 9:1 (Negligence in Mediation Against Hogge - - Elements of Liability - - No Negligence of the Plaintiff)

INSTRUCTION NO. _____

For the plaintiffs, Phillip Wyers and Wyers Products, to recover from the defendant, Robert Charrow, on their claim that he was negligent in representing them throughout the mediation process with Master Lock, you must find that all of the following have been proved by a preponderance of the evidence:

1.     The plaintiffs had damages;

2.     The defendant Charrow was negligent in representing them at the mediation; and

3.     The defendant Charrow's negligence was a cause of the plaintiffs' damages.

If you find that any one or more of these three statements has not been proved, then your verdict must be for the defendant Charrow on the plaintiffs' claim that he was negligent in representing them at the mediation with Master Lock.

On the other hand, if you find that all of these three statements have been proved, (then your verdict must be for the plaintiffs) (then you must consider the defendant Charrow's affirmative defense(s) of *[insert any affirmative defense that would be a complete defense to plaintiff's claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant Hogge on the plaintiffs' claim that he was negligent in representing them at the mediation with Master Lock.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiffs on their claim that defendant Charrow was negligent in representing them at the mediation with Master Lock.

21

CJI-Civ. 9:1 (Negligence in Mediation Against Charrow - - Elements of Liability - - No Negligence of the Plaintiff)

INSTRUCTION NO. _____

For the plaintiffs, Phillip Wyers and Wyers Products, to recover from the defendant,

Mark Hogge, on their claim that he was negligent in the process of supervising the drafting and

preparing of and/or drafting and preparing the answer brief in the Master Lock appeal, you must

find that all of the following have been proved by a preponderance of the evidence:

      1.     The plaintiffs should have prevailed in the appeal against Master Lock;

      2.     The plaintiffs did not prevail because the defendant Hogge was negligent in the

process of supervising the drafting and preparing of and/or drafting and preparing the answer

brief in the Master Lock appeal; and

      3.     The defendant Hogge's negligence caused the plaintiff to have damages.

If you find that any one or more of these three statements has not been proved, then your

verdict must be for the defendant Hogge on the plaintiffs' claim that he was negligent i in the

process of supervising the drafting and preparing of and/or drafting and preparing the answer

brief in the Master Lock appeal.

On the other hand, if you find that all of these three statements have been proved, (then

your verdict must be for the plaintiffs) (then you must consider the defendant Hogge's

affirmative defense(s) of *[insert any affirmative defense that would be a complete defense to*

*plaintiff's claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative

defenses have) been proved by a preponderance of the evidence, then your verdict must be for

the defendant Hogge on the plaintiffs' claim that he was negligent in the process of supervising

the drafting and preparing of and/or drafting and preparing the answer brief in the Master Lock

appeal.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiffs on their claim that defendant Hogge was negligent in the process of supervising the drafting and preparing of and/or drafting and preparing the answer brief in the Master Lock appeal.

CJI-Civ. 15:19 (Negligent Briefing Claim Against Hogge - - Elements of Liability of Attorneys - - Involving an Underlying Matter (Case-Within-A-Case))

INSTRUCTION NO. ____

For the plaintiffs, Phillip Wyers and Wyers Products, to recover from the defendant, Robert Charrow, on their claim that he was negligent in the process of drafting and preparing their answer brief in the Master Lock appeal, you must find that all of the following have been proved by a preponderance of the evidence:

1        The plaintiffs should have prevailed in the appeal against Master Lock;

2.       The plaintiffs did not prevail because the defendant Charrow was negligent in the process of drafting and preparing the answer brief; and

3.       The defendant Charrow's negligence caused the plaintiff to have damages.

If you find that any one or more of these three statements has not been proved, then your verdict must be for the defendant Charrow on the plaintiffs' claim that he was negligent in the process of drafting and preparing their answer brief in the Master Lock appeal.

On the other hand, if you find that all of these three statements have been proved, (then your verdict must be for the plaintiffs) (then you must consider the defendant Charrow's affirmative defense(s) of *[insert any affirmative defense that would be a complete defense to plaintiff's claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative defenses have) been proved by a preponderance of the evidence, then your verdict must be for the defendant Charrow on the plaintiffs' claim that he was negligent in the process of drafting and preparing their answer brief in the Master Lock appeal.

However, if you find that (this affirmative defense has not) (none of these affirmative defenses have) been proved, then your verdict must be for the plaintiffs on their claim that defendant Charrow was negligent in the process of drafting and preparing their answer brief in the Master Lock appeal.

25

CJI-Civ. 15:19 (Negligent Briefing Claim Against Charrow - - Elements of Liability of Attorneys - - Involving an Underlying Matter (Case-Within-A-Case))

INSTRUCTION NO. _____

For the plaintiffs, Phillip Wyers and Wyers Products, to recover from the defendant,

Laura Klaus, on their claim that he was negligent in the process of drafting and preparing their

answer brief in the Master Lock appeal, you must find that all of the following have been proved

by a preponderance of the evidence:

1        The plaintiffs should have prevailed in the appeal against Master Lock;

2.        The plaintiffs did not prevail because the defendant Klaus was negligent in the

process of drafting and preparing the answer brief; and

3.        The defendant Klaus's negligence caused the plaintiff to have damages.

If you find that any one or more of these three statements has not been proved, then your

verdict must be for the defendant Klaus on the plaintiffs' claim that he was negligent in the

process of preparing their answer brief in the Master Lock appeal.

On the other hand, if you find that all of these three statements have been proved, (then

your verdict must be for the plaintiffs) (then you must consider the defendant Klaus's affirmative

defense(s) of *[insert any affirmative defense that would be a complete defense to plaintiff's*

*claim]*).

If you find that (this affirmative defense has) (any one or more of these affirmative

defenses have) been proved by a preponderance of the evidence, then your verdict must be for

the defendant Klaus on the plaintiffs' claim that he was negligent in the process of drafting and

preparing their answer brief in the Master Lock appeal.

However, if you find that (this affirmative defense has not) (none of these affirmative

defenses have) been proved, then your verdict must be for the plaintiffs on their claim that

Defendant Klaus was negligent in the process of drafting and preparing their answer brief in the

Master Lock appeal.

CJI-Civ. 15:19 (Negligent Briefing Claim Against Klaus - - Elements of Liability of Attorneys -
- Involving an Underlying Matter (Case-Within-A-Case))

INSTRUCTION NO. _____

The word "cause" as used in these instructions means an act or failure to act which in natural and probable sequence produced the claimed injury.  It is a cause without which the claimed injury would not have happened.

CJI-Civ. 9:18 (Cause When Only One Cause is Alleged - - Defined)

INSTRUCTION NO. ____

More than one person may be responsible for causing damages.  If you find that the defendant, Mark Hogge, was negligent and that his negligence caused damage to the plaintiff, it is not a defense that some third person's negligence might also have been a cause of the damages.

Similarly, if you find that the defendant, Robert Charrow, was negligent and that his negligence caused damage to the plaintiff, it is not a defense that some third person's negligence might also have been a cause of the damages.

And if you find that the defendant, Laura Klaus, was negligent and that her negligence caused damage to the plaintiff, it is not a defense that some third person's negligence might also have been a cause of the damages.

CJI-Civ. 9:19 (Concurrent Causes (Excluding Designated Nonparty Fault Cases))

INSTRUCTION NO. _____

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a cause of the injury.   A cause does not have to be the only cause or the last or nearest cause.   It is enough if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

CJI-Civ. 9:20 (Cause - - Concurrent Causes - - Intervening Causes)

INSTRUCTION NO. ____

If you find that the defendant Mark Hogge was negligent in representing the plaintiffs at the mediation with Master Lock, you must find the defendant Hogge liable for negligence regardless of whether you find that any other individual defendant, Robert Charrow or Laura Klaus, was also negligent.

If you find that the defendant Robert Charrow was negligent in representing the plaintiffs at the mediation with Master Lock, you must find the defendant Robert Charrow liable for negligence regardless of whether you find that any other individual defendant, Mark Hogge or Laura Klaus, was also negligent.

If you find that the defendant Mark Hogge was negligent in the process of supervising the drafting and preparing of and/or drafting and preparing the answer brief in the Master Lock appeal, you must find the defendant Hogge liable for negligence regardless of whether you find that any other individual defendant, Robert Charrow or Laura Klaus, was also negligent.

If you find that the defendant Robert Charrow was negligent in the process of drafting and preparing the plaintiffs' answer brief in the Master Lock appeal, you must find the defendant Robert Charrow liable for negligence regardless of whether you find that any other individual defendant, Mark Hogge or Laura Klaus, was also negligent.

If you find that the defendant Laura Klaus was negligent in negligent in the process of drafting and preparing the plaintiffs' answer brief in the Master Lock appeal, you must find the defendant Laura Klaus liable for negligence regardless of whether you find that any other individual defendant, Mark Hogge or Robert Charrow, was also negligent.

CJI-Civ. 4:7, Note on Use 2 (Verdict Form for Single Plaintiff and Multiple Defendants); CJI-Civ. 9:20 (Cause - - Concurrent Causes - - Intervening Causes)

INSTRUCTION NO. _____

The plaintiffs, Phillip Wyers and Wyers Products Group, have sued for the same damages on both theories of negligence.  The claims for relief on which the plaintiffs have sued and on which you have been instructed are: negligence in representing them throughout the mediation process with Master Lock and negligence in the process of drafting and preparing their answer brief in the Master Lock appeal.

If you find for the plaintiffs on more than one claim for relief, you may award them damages only once for the same losses.

CJI-Civ. 6:14 (Multiple Recovery Prohibited (When Plaintiff Suing on Alternative But Duplicative Claims for Relief)

INSTRUCTION NO. _____

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount.  You should use your best judgment based on the evidence.

CJI-Civ. 5:6 (Uncertainty as to Amount of Damages)

INSTRUCTION NO. _____

A client cannot be found to be comparatively negligent for relying on an attorney's erroneous legal advice or for failing to correct errors of the attorney which involve the exercise of professional expertise.  Simply because he was somewhat sophisticated in business matters does not impose upon him the burden to second guess his attorney's advice or hire a second attorney to see if such advice was proper.

*Tarleton* v. *Arnstein & Lehr*, 719 So.2d 325, 331 (Fla. App. 1998)

INSTRUCTION NO. ____

A client is not liable for his attorney's negligence.

*McDevitt v. Wells Fargo Bank, N.A.*, 2013 WL 2338366 *10 (D.D.C. 2013) ("the weight of authority provides that a client generally is not vicariously liable for its attorney's torts, absent evidence that the client directed, controlled, authorized, or ratified the attorney's allegedly tortious conduct"); *Smith v. Mehaffy,* 30 P.3d 727, 733 (Colo. App. 2000) (*"Clients wronged by their lawyers may sue for damages based on (1) breach of contract, (2) breach of fiduciary duty, or (3) negligence"); Daly v. Aspen Center for Women's Health, Inc.*, 134 P.3d 450, 452-453 (Colo. App. 2005) ("the doctrine of *respondeat superior* cannot give rise to vicarious liability when negligent work is performed by an independent contractor . . . [a] nonservant agent is an independent contractor who has the power to bind the principal in contract. Such a person might be, for example, an attorney or a broker")

INSTRUCTION NO. _____

An attorney is not entitled to collect fees for work that was negligently performed. Therefore, if you find that any one of the defendants was negligent, then you must find in favor of the plaintiffs on the defendant Greenberg Traurig's counterclaim that the plaintiffs are obligated to pay it additional fees.

*Allen v. Martin*, 203 P.3d 546, 557 (Colo. App. 2008) ("an attorney's negligence is a defense to that attorney's claim for fees"); *see also McCafferty v Musat*, 817 P.2d 1039, 1045 (Colo. App. 1990)

INSTRUCTION NO. _____

The plaintiffs, Phillip Wyers and Wyers Products Group, are not legally responsible to the defendant, Greenberg Traurig, on that plaintiff's counterclaim of breach of contract if the affirmative defense of waiver is proved.  This defense is proved if you find all of the following have been proved by a preponderance of the evidence:

1.      Greenberg Traurig, acting through the defendant Hogge, believed that the plaintiffs had not performed their contractual promise to pay Greenberg Traurig for the legal fees incurred in the appeal with Master Lock;

2.      Greenberg Traurig knew that the alleged failure of the plaintiffs to perform this contractual promise gave it the right to take action to collect the amount allegedly due;

3.      Greenberg Traurig, acting through the defendant Hogge, intended to give up this right; and

4.      Greenberg Traurig, acting through the defendant Hogge, voluntarily gave up this right.

CJI-Civ. 30:25 (Defense - - Waiver)

INSTRUCTION NO. ____

The defendant, Greenberg Traurig, may not collect any attorney fees for services negligently performed.   If you find that any of the individual defendants, Mark Hogge, Robert Charrow and Laura Klaus, was negligent you must find that Greenberg Traurig is required to return to the plaintiff all attorney fees for services negligently performed.

*Saffer v. Willoughby*, 670 A.2d 527, 524 (N.J. 1996)

Dated this 11th day of July 2014.

                  SEMLER & ASSOCIATES, P.C.

                By: s/ R. Parker Semler
                    R. Parker Semler
                    Matthew Nelson
                    SEMLER & ASSOCIATES, P.C.
                    1775 Sherman Street, Suite 2015
                    Denver, Colorado 80203
                    Phone: (303) 839-1680
                    Fax: (303) 839-1642
                    parker@semlerlaw.com
                    matt@semlerlaw.com

                  *Attorneys for Plaintiffs Philip W. Wyers and Wyers*
                  *Products Group, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July 2014, a true and correct copy of the foregoing

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS was filed using the CM/ECF system,

which will automatically serve the following counsel of record via email:

Michael L. Hutchinson
Treece Alfrey Musat P.C
999 18th Street, Suite 1600 South Tower
Denver, CO 80202
hutch@tamlegal.com
ssmith@tamlegal.com

Taras A. Gracey
Houda Morad
Steptoe & Johnson LLP
115 South LaSalle Street
Chicago, IL 60603
maddy@steptoe.com
hmorad@steptoe.com

*{s/ R. Parker Semler }*

_____