# Ambreen Salters

# Expert Qualifications:
## Education, Credentials & Experience

- Bachelor's of Business Administration
- Master's of Science in Economics
- Adjunct Professor of Economics
- Assistant Arbitrator in IP dispute in Southern District of TX
- Federal Reserve Bank of Dallas – 5 years
- Economics and Licensing consultant for patent matters – 15 years

# Expert Qualifications: Specific Experience

Patent Licensing Projects




Patent Litigation Projects








# Determining a Reasonable Royalty:
## Georgia-Pacific Factors (Georgia-Pacific v. U.S. Plywood)

1. The royalties received by the patent holder for the licensing of the patent in suit, proving or tending to prove an established royalty.
2. The rates paid by the licensee for the use of other patents comparable to the patents in suit.
3. The nature and scope of the license, as exclusive or non-exclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.
4. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special circumstances designed to preserve the monopoly.
5. The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business or whether they are inventor and promoter.
6. The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his nonpatented item; and the extent of such derivative or convoyed sales.
7. The duration of the patent and the term of the license.
8. The established profitability of the product made under the patent, its commercial success, and its current popularity.
9. The utility and advantages of the patent property over the old modes or devices, if any, which had been used for working out similar results.
10. The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.
11. The extent to which the infringer has made use of the invention, and any evidence probative of the value of that use.
12. The portion of the profit or of the selling price that may be customary in the particular business or in a comparable business to allow for the use of the invention or analogous inventions.
13. The portion of the realizable profit that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.
14. The opinion testimony of qualified experts.
15. The amount that a prudent licensee who desired to obtain a license to manufacture and sell a particular article embodying the patented invention would have been willing to pay as a royalty and yet be able to make a reasonable profit and the amount that would have been acceptable by a prudent patent holder who was willing to grant a license.

# Determining a Reasonable Royalty: Georgia-Pacific Factors

## Commercial Factors
- Commercial success of products using the patents-in-suit
- Sales and profitability of products using the patents-in-suit
- Additional sales resulting from product sales using the patents-in-suit

## Technology Factors
- Utility/advantage of patented technology over prior art
- Non-infringing alternatives available to the accused infringer at the time of infringement

## Licensing Factors
- Royalties paid for the patents-in-suit
- Royalties paid by accused infringers for similar technology
- Nature/ scope of license
- Duration of patent, term of license

## Other Business Factors
- Commercial relationship between the Plaintiff and accused infringer
- Opinions of Other Experts
- Commercially Reasonable Willing Licensor/Licensee

# Determining Lost Profits: *Panduit* Factors

- Is there Demand for the Patented / Allegedly Infringing Products?

- Is there an Absence of Acceptable Non-Infringing Substitutes?

- Did Plaintiff Have Capacity to make Accused Infringer's Sales?

- Is the Amount of Lost Profits Reasonably Calculable?

**Plaintiff Must Answer "YES" to <u>All of These Factors</u> to get Lost Profits**

*Pandiut Bros vs. Stahlin Bros. Fibre Works*